STATE ex rel. L. L. SOUTHERLAND et al.,

*v.*

TOWN OF GREENEVILLE et al.

(*Knoxville,* September Term, 1956.)

Opinion filed December 7, 1956.

W. S. Todd and John R. Todd, Kingsport, for plaintiffs.

H. R. Silvers and Fraker, Silvers & Coleman, Greeneville, for defendants.

Mr. Justice Swepston delivered the opinion of the Court.

This appeal by the Town of Greeneville is here on a discretionary appeal allowed by the Law Judge on his

overruling a demurrer of said Town of Greeneville to the bill filed herein, to which further reference will be made hereinafter.

L. L. Southerland and a number of other individuals, all of whom are owners of property outside the city limits of the Town of Greeneville but adjacent thereto, filed this bill against the Town of Greeneville and the Board of Mayor and Aldermen for the purpose of preventing the annexation of their area to the Town of Greeneville.

The suit is brought in the nature of a *quo. warranto* proceeding as provided by section 2(b) of Chapter 113, Public Acts of 1955, now codified as T.C.A. secs. 6-301— 6-319, inclusive.

It is alleged that the Town of Greeneville has passed an ordinance purporting to annex the territory in which complainants' properties lie, but it is charged that said annexation is grossly unreasonable and is not for the health, safety and welfare of the citizens and property owners of said territory sought to be annexed; the bill elaborates the reasons why such annexation is not for the health, safety and welfare of the complainants and the reasons why it is detrimental to them.

The prayer is that they be allowed to contest the reasonableness and validity of said ordinance and that proper issues be made up under the direction of the Court to be tried by a jury as provided by said Act.

The respondents demurred on three grounds. (1) The Court does not have jurisdiction to award the relief sought in the petition. (2) The petition states no cause of action against defendants, and (3) The petition shows on its face that this is a suit in the nature of a *quo warranto* and was not filed by the District Attorney General, as required by law.

The Court overruled said demurrer and granted a discretionary appeal as allowed by T.C.A. sec. 27-305.

The appellants have abandoned the first ground of their demurrer and now assign as error the action of the Court on the second and third grounds of the demurrer.

When this appeal was argued this Court raised the question whether it has authority to hear a discretionary appeal allowed in a case of this kind. Counsel for both parties were requested to file briefs on the question, which has been done, and both sides have concluded that the appeal was properly allowed. With this view the Court agrees, the reason for which will appear in connection with the assignment of error raising the question that the District Attorney General was a necessary party.

With reference to that ground of the demurrer with which the assignment of error is based, section 2(b) of the original Act as now codified as T.C.A. sec. 6-310 provides in part as follows:

"*Quo warranto* to contest annexation ordinance.— Any aggrieved owner of property lying within territory which is the subject of an annexation ordinance prior to the operative date thereof, may file a suit in the nature of a *quo warranto* proceeding in accordance with secs. 6-308—6-319 and chapter 28 of title 23, to contest the validity thereof on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law.

"If more than one (1) suit is filed, all of them shall

be consolidated and tried as one (1) in the first court of appropriate jurisdiction in which suit is filed. Suit or suits, shall be tried on an issue to be made up there, and the question shall be whether the proposed annexation be or be not unreasonable in consideration of the health, safety and welfare of the citizens and property owners of the territory sought to be annexed and the citizens and property owners of the municipality. * * *."

It is the insistence of appellants that the reference to Chapter 28 of title 23, which is our *quo warranto* statute, shows an intention of the Legislature to include all of the provisions of the statute and of the official Code relative thereto, and if any were to be elided, it would have said so. Counsel then quotes from *State v. McConnell*, 71 Tenn. 332, 338-339, wherein the Court said:

"The reading of sections 3412 and 3413 together leads to the same conclusion, without reference to the pre-existing law. The 'suit', says section 3412, 'is brought by the Attorney General, when directed by the General Assembly.' 'It is also brought,' says section 3413, 'on the information of any person.' By whom? Manifestly by the Attorney General.

"The section does not say that the suit shall be brought by the relators, but on their information. The sense and grammar of the two sections require, by necessary implication, the suit on relation to be by the same person as the suit when directed, and that person is the State's Attorney. Beyond all doubt the suit provided for under these sections was intended to be a suit by the State to subserve the public interests, and this can only be attained by having the State represented by its proper officer."

With deference to able counsel, we are not able to agree with the above insistence. We think that counsel misconceives the meaning of the phrase, "in the nature of a *quo warranto* proceeding." This expression was used in the case of *State ex rel. v. Retail Credit Men's Ass'n,* 163 Tenn. 450, 43 S.W.2d 918, where the suit was in the name of the State upon the relation of individuals to enjoin a corporation from illegal activities, and to have the corporation dissolved and its charter forfeited, where, however, the Attorney General was not a party. It was held that since it was in the nature of a *quo warranto,* the appeal was directly to the Supreme Court.

▪ ■ We think that an examination of the *quo warranto* statute will readily disclose that it would be impossible to include all the provisions of that statute and apply them to the situation provided for by the annexation statute. It is our opinion that the intention of the Legislature was to mesh in with the annexation statute such sections of the *quo warranto* statute as would be applicable, such, for instance, as T.C.A. sec. 23-2812, making it a suit in equity, and the next section relating to extraordinary process when necessary; section 23-2815, providing for a jury trial, and section 23-2821, providing for appeal as in other Chancery cases.

Then there is a further difference in that the *quo warranto* statute provides for the bringing of the suit by the Attorney General either on his own initiative or upon the information of a private person, but it does not provide for the bringing of a suit and the control of same by a private person. On the other hand, the annexation statute, T.C.A. sec. 6-310, contains two very significant statements: (1) It provides that any aggrieved owner of property may file the suit, and (2) If more than one

suit is filed, all of them shall be consolidated and tried as one. These two provisions cannot be reconciled with the idea embraced in the *quo warranto* statute, that the Attorney General only can file the suit.

■ We, therefore, overrule this assignment.

■ The other assignment, that the bill states no cause of action because, it is alleged, it states only conclusions unsupported by proper allegations, must also be overruled. Even a casual examination of the bill is sufficient to show that it is replete with allegations of fact as to why the annexation is not only not conducive to the health, safety and welfare of the citizens and property owners of the affected territory, but is positively detrimental to their welfare.

■ It is our conclusion, therefore, that the discretionary appeal was properly allowed because this is an equity suit, even though being tried in the Law Court, and the statute in such case expressly allows a discretionary appeal on the overrulement of a demurrer.

The judgment of the Trial Court is affirmed.