### CITY OF GALLATIN, Tennessee, Petitioner,

### v.

### CITY OF HENDERSONVILLE, Tennessee, Respondent.

Supreme Court of Tennessee.

March 4, 1974.

William J. Harbison, Trabue, Minick, Sturdivant & Harbison, Nashville, for petitioner.

J. Dennis Sanders, Hendersonville, Ogden Stokes, Griffith & Stokes, Nashville, for respondent.

OPINION

DYER, Chief Justice.

This is a suit between the City of Gallatin, Tennessee, and the City of Hendersonville, Tennessee, two municipal corporations in Sumner County, involving their respective rights when each seeks to annex the same territory. The case comes to this Court by grant of writ of certiorari directed to the Middle Section of the Court of Appeals.

This suit filed by Gallatin on November 24, 1971, against Hendersonville alleges

that on October 12, 1971, pursuant to T.C.A. 6–309, it initiated proceedings to annex by ordinance the territory here in dispute. The complaint alleges Gallatin had been advised that on October 9, 1971, Hendersonville passed on third and final reading an ordinance annexing territory which also includes the territory covered by the Gallatin ordinance. It is also alleged Gallatin is the larger of the two cities and pursuant to T.C.A. 6–317 has priority. The complaint seeks to have Gallatin declared the larger of the two cities and Hendersonville be enjoined from annexing the disputed territory.

Hendersonville filed an answer and a cross-bill in which it is alleged the proceedings used by Gallatin in this annexation were not in conformity with State statutes or Gallatin's Charter and particularly Gallatin had not adopted a plan of services or submitted such to its Planning Commission as required by T.C.A. 6–309. Hendersonville alleged T.C.A. 6–317 was not applicable as Hendersonville had already annexed the territory in question. Hendersonville prayed Gallatin be enjoined from proceeding further as to the disputed territory.

Upon motion for summary judgment the chancellor concluded Gallatin did initiate proceedings to annex the disputed territory on October 12, 1971, and being the larger of the two cities had priority under T.C.A. 6–317. The chancellor held the annexation proceedings begun by Hendersonville be held in abeyance and enjoined pending the final outcome of the annexation proceedings commenced by Gallatin insofar as such applied to the disputed territory.

Upon appeal the Court of Appeals affirmed the chancellor on his finding Gallatin did initiate its annexation proceedings on October 12, 1971, and Gallatin being the larger of the two cities had priority under T.C.A. 6–317. We agree with these findings which are supported by the pleadings, exhibits and affidavits considered on the motion for summary judgment.

The Court of Appeals did not agree with the chancellor that the issue determined by him on motion for summary judgment was the only issue to be determined. The Court of Appeals held Hendersonville had raised the issue of the legality of the proceedings used by Gallatin in enactment of its annexation ordinance and remanded the case for a trial on the merits on the issue of whether Gallatin had properly and legally followed its Charter provisions and State statutes pertinent to annexation by ordinance. The Court of Appeals held:

> We conclude that where two municipalities seek to annex the same territory, either municipality may attack the annexation proceedings of the other insofar as these proceedings do not comply with the requirements of T.C.A. 6–309 or the Charter of the defendant municipality.

We think it would be helpful to examine what would be the procedural status and issues of the case on remand by the Court of Appeals in light of the fact it has been determined Gallatin being the larger of the two cities has priority and that Gallatin did timely initiate proceedings to annex this territory.

Hendersonville has alleged, inter alia, that Gallatin did not adopt a plan of services or offer evidence that without annexation the disputed territory would be "materially retarded and the safety and welfare of the inhabitants and property thereof endangered," all as required by T.C.A. 6–309. It is also alleged the Gallatin City Council was improperly convened on October 12, 1971, when the annexation proceedings were initiated. Upon remand such issues would be litigated.

The determinative issue here is not whether Gallatin in its proceedings to annex properly and legally conformed to statutory and Charter requirements which we agree with the Court of Appeals are necessary for a valid annexation; but the issue here is whether Hendersonville has standing to contest the legality of the pro-

ceedings used by Gallatin in the enactment of its ordinance to annex this territory.

 In this decision it will help to remove a problem. Under the common law neither Hendersonville nor Gallatin had any authority to annex this territory by ordinance. The authority of both cities is contained solely in our statutes and the rights of Hendersonville to contest such issues will have to be found in our statutes.

The only section of our statutes relating to annexation by ordinance applicable to this issue is T.C.A. 6–310, which, in pertinent part, reads as follows:

> Any aggrieved owner of property lying within territory which is the subject of an annexation ordinance prior to the operative date thereof, may file a suit in the nature of a quo warranto proceeding in accordance with §§ 6–308— 6–320 and chapter 28 of title 23, to contest the validity thereof on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law.

On this issue we have found no authority nor was any cited in the Court of Appeals opinion. This issue was raised in State ex rel. Spoone v. Morristown, 222 Tenn. 21, 431 S.W.2d 827 (1968). In *Spoone* we held Hamblen County, as owner of a school building and roads in the territory to be annexed, was "an owner of property" within the meaning of this language as used in T.C.A. 6–310, and had standing to contest the annexing ordinance.

 The language used by the Legislature in T.C.A. 6–310, "any aggrieved owner of property lying within territory which is the subject of an annexation ordinance" to designate those who have standing to contest such annexation is in no way ambiguous. Hendersonville is not an "owner of property" within the meaning of

these words as used in this statute. Hendersonville, therefore, was without standing to contest the validity of Gallatin's annexing ordinance.

This rule will operate to exclude other parties having a material interest in any annexation ordinance, such as Hendersonville in this case, from standing to contest such ordinance and no doubt the Court of Appeals having a strong sense of justice felt there should be a remedy. We also have a strong sense of justice as to the operation of this rule, but in cases such as this we are inhibited by the mandate of the Legislature. The Legislature, by T.C.A. § 6–317 in cases such as this, has given the larger of the two cities priority. Gallatin has chosen to exercise its priority.

The judgment of the Court of Appeals is reversed and the judgment of the chancellor affirmed.

CHATTIN, McCANLESS and FONES, JJ., and LEECH, Special Justice, concur.