**STATE of Tennessee ex rel. James O. HORNKOHL, Chris Heikkinen, Rebecca Heikkinen, Vernon W. Branch, Linda L. Branch, Olwen M. Storey, Alfred D. Phillips, and Judith G. Phillips, Plaintiffs/Appellants,**

v.

**CITY OF TULLAHOMA, Tennessee, a municipal corporation, and George Orr, Beth Bryant, Howard K. Tucker, Steve Cope, James Shelton, Pat Welsh, and Wallace McDowell, in their official capacities as Mayor and Aldermen of the City of Tullahoma, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Dec. 2, 1987.

Permission to Appeal Denied by Supreme Court Feb. 29, 1988.

Robert S. Peters, Swafford, Peters & O'Neal, Tullahoma, for plaintiffs/appellants.

Stephen M. Worsham, Robertson, Worsham, Moore & Hedges, James H. Henry, Henry & McCord, Tullahoma, for defendants/appellees.

## OPINION

KOCH, Judge.

This appeal stems from the City of Tullahoma's decision to annex property located in Franklin County. Several Franklin County residents filed an action in the Circuit Court for Franklin County challenging the annexation of their property. The City of Tullahoma moved to dismiss on the basis that it could be sued only in the courts of Coffee County. The trial court agreed and dismissed the action. The contestants have appealed. We affirm the decision of the trial court.

### I.

On September 23, 1985, the Board of Mayor and Aldermen of the City of Tullahoma enacted Ordinance No. 853 to annex property located in the Seventh Civil District of Franklin County. On October 22, 1985, eight Franklin County residents who owned part of the property to be annexed filed an action in the Circuit Court for Franklin County pursuant to Tenn.Code Ann. § 6–51–103 contesting the validity of Tullahoma's action. The city moved to dismiss the action on the ground that it could not be sued in Franklin County because it was a municipality whose seat of government was located in Coffee County.

While the city's motion to dismiss was pending, the trial court permitted thirty-six other owners of annexed property to intervene as defendants in support of Tullahoma's actions. Within a week, the City of Estill Springs, located in Franklin County, also sought to intervene pursuant to Tenn. Code Ann. § 6–51–110(f) to contest Tullahoma's annexation of the property. Tullahoma opposed Estill Springs' intervention.

On February 21, 1986, the trial court entered an order dismissing the individual property owners' Tenn.Code Ann. § 6–51–103 action "because of the lack of jurisdiction of the Court over the subject matter and over the Defendant City of Tullahoma." The trial court also denied Estill Springs' motion to intervene "because the Court is without jurisdiction over the intervening petitioner, such jurisdiction being vested by statute in the Chancery Court and further because of the lack of jurisdiction over the main action."

### II.

The only issue presented for review is whether the individual Franklin County residents whose property was annexed by Tullahoma could contest the annexation in the courts of Franklin County.[1] These residents assert that, like municipalities, they should have the right to contest an annexation in the courts of the County where the annexed property is located. This position misconstrues Tennessee's annexation statutes.

### A.

For sound public policy reasons, the courts have historically considered that actions against municipal corporations, being inherently local, must be brought in the courts of the county where the municipal corporation is located. *Keeble v. Loudon Utilities*, 212 Tenn. 483, 490, 370 S.W.2d 531, 534 (1963); *Piercy v. City of Johnson City*, 130 Tenn. 231, 235, 169 S.W. 765, 766 (1914); *Mayor of Nashville v. Webb*, 114 Tenn. 432, 435, 85 S.W. 404, 405 (1905). While this principle can be modified by statute, *City of Watauga v. City of Johnson City*, 589 S.W.2d 901, 904 (Tenn.1979), the General Assembly has not chosen to do so insofar as individual actions under Tenn. Code Ann. § 6–51–103 are concerned.

---

1. The appellants have apparently abandoned their claim that the trial court erred by denying Estill Springs' motion to intervene. This being the case, we need not address the questions concerning whether Estill Springs' motion to intervene was timely or whether, if granted, it would have enabled the action to continue in the Circuit Court for Franklin County. The appellants have neither briefed nor argued these points, and we do not deem them to be worthy of unilateral review under Tenn.R.App.P. 13(b).

■ The power of a municipality to annex property and the right to challenge the exercise of this power are strictly statutory. *City of Gallatin v. City of Hendersonville,* 510 S.W.2d 507, 509 (Tenn. 1974). The General Assembly has the prerogative, by statute, to prescribe how a city's decision to annex property will be reviewed. *City of Oak Ridge v. Roane County,* 563 S.W.2d 895, 897 (Tenn.1978). Accordingly, the courts must follow the statutes concerning the manner in which annexation ordinances may be challenged and may not enlarge upon the procedure established by the General Assembly.

Prior to 1974, Tenn.Code Ann. § 6–51–103 permitted only individual property owners affected by an annexation to contest the validity of a municipality's annexation ordinance. Accordingly, the Tennessee Supreme Court held that a city that did not own property being annexed did not have standing to contest the validity of the other city's annexation ordinance. *City of Gallatin v. City of Hendersonville,* 510 S.W.2d 507, 509 (Tenn.1974).

The General Assembly reacted to this decision within weeks after it was announced by enacting Chapter 753, Public Acts of 1974. The caption of the bill indicated that one of its purposes was to "grant standing to a smaller municipality" in annexation cases. Section 5 of the bill, now codified at Tenn.Code Ann. § 6–51–110(f), provides:

> When a larger municipality initiates annexation proceedings for a territory which could be subject to annexation by a smaller municipality, the smaller municipality shall have standing to challenge the proceedings in the chancery court of the county where the territory proposed to be annexed is located.

The purpose of this provision was to grant smaller municipalities the same standing to challenge annexation proceedings that had already been given to affected property owners. *City of Watauga v. City of Johnson City,* 589 S.W.2d 901, 906 (Tenn.1979).

**2.** Tenn.Code Ann. § 6–51–103(a)(1)(A) provides, in part, that an aggrieved property owner "may file a suit in the nature of a quo warranto

■ The General Assembly did not intend this act to have any effect upon the procedural requirements governing individual actions brought pursuant to Tenn.Code Ann. § 6–51–103. Thus, the provision in Tenn.Code Ann. § 6–51–110(f) permitting a municipality to contest another municipality's annexation ordinance in the chancery court of the county where the land is located is limited to actions brought by a municipality and cannot be judicially extended to actions brought by an individual.

### B.

■ Tennessee's annexation statutes do not expressly provide for the venue of individual actions brought pursuant to Tenn. Code Ann. § 6–51–103. However, Tenn. Code Ann. § 6–51–103(a)(1)(A) incorporates into the annexation statutes the procedural provisions of Tennessee's *quo warranto* statutes.[2] According to Tenn.Code Ann. § 29–35–111, *quo warranto* actions must be "filed in either the circuit or chancery court of the county in which the ... corporation ... holds its meetings or has its principal place of business." There being no conflict between this statute and the annexation statutes, we find that it is applicable to annexation contests brought by individuals pursuant to Tenn.Code Ann. § 6–51–103. *See State v. Town of Greeneville,* 201 Tenn. 133, 138, 297 S.W.2d 68, 71 (1956).

■ Tullahoma lies in both Coffee County and Franklin County. However, the record shows, without dispute, that Tullahoma's municipal building, jail, government offices, and council chamber are located in Coffee County. It follows, then, that the City of Tullahoma holds its meetings and has its principal place of business in Coffee County. Accordingly, actions against Tullahoma brought pursuant to Tenn.Code Ann. § 6–51–103 must be filed either in the Circuit Court or in the Chancery Court for Coffee County.

proceeding in accordance with this part and § 6–51–301 and chapter 35 of title 29."

### III.

The judgment of the trial court is affirmed, and the case is remanded for whatever further proceedings may be appropriate. The costs of this appeal are taxed to James O. Hornkohl and Olwen M. Storey and their surety for which execution, if necessary, may issue.

LEWIS and CANTRELL, JJ., concur.