STATE ex rel. CORDOVA AREA RESI-
DENTS FOR THE ENVIRONMENT, et
al., Plaintiffs/Appellants,

v.

CITY OF MEMPHIS, et al.,
Defendants/Appellees.

Court of Appeals of Tennessee,
Western Section, at Jackson.

April 24, 1992.

Permission to Appeal Denied by
Supreme Court Aug. 24, 1992.

Dan M. Norwood, The Norwood Law
Firm, Memphis, for plaintiffs/appellants.

Leo Bearman, Jr. and Robbin T. Sarrazin,
Heiskell, Donelson, Bearman, Adams,
Williams & Kirsch, for defendants/appellees.

HIGHERS, Judge.

This appeal results from the filing of a quo
warranto petition in the Chancery Court at
Shelby County contesting an annexation or-
dinance adopted by the Memphis City Coun-
cil. Plaintiff, a citizens group, proceeded in
this matter on relation of the State. The
trial court held that plaintiff lacked standing
to bring such a suit and thus granted defen-
dant's motion to dismiss. We affirm.

On October 2, 1990, the Memphis City
Council adopted an annexation ordinance
concerning a four hundred fifty-five (455)
acre tract of land in Shelby County. Plain-
tiff, Cordova Area Residents for the Environ-
ment ("CARE"), is a citizens group consist-
ing of residents and homeowners living in the
Cordova area of Shelby County. All of the
members of the plaintiff organization are res-
idents and homeowners living on property
which borders the property annexed by the
defendant city. Stated differently, no citizen
in plaintiff organization owns land within the
property subject to the annexation ordinance
at issue.

Plaintiff initially filed this quo warranto
suit on October 31, 1990. Plaintiff then
moved the trial court to amend its complaint
in order to proceed on relation of the State
as authorized by the local District Attorney
General. This amended complaint was en-
tered on February 1, 1991. Defendant City
of Memphis filed a motion to dismiss assert-
ing that plaintiff lacked standing and also
plaintiff failed to state a claim upon which
relief could be granted.

On June 17, 1991, the trial court granted
defendant's motion to dismiss, ruling in part
as follows:

> ... based on the Tennessee. Supreme
> Court's ruling in *Hart v. City of Johnson
> City*, 801 S.W.2d 512 (1990), that the only
> property owners allowed to contest an an-
> nexation ordinance by quo warranto pro-
> ceedings are those property owners who
> own property within the annexed area and,
> therefore, plaintiffs as bordering landown-
> ers do not have standing.

Plaintiff presents a single issue for our review—whether the trial court erred in dismissing their petition.

■ T.C.A. § 6–51–103 was amended in 1984 to provide in pertinent part as follows: 6–51–103. **Quo warranto to contest annexation ordinance—Appellate review.—** (a)(1)(A) Any aggrieved owner of property which borders or lies within territory which is the subject of an annexation ordinance ... may file a suit in the nature of a quo warranto proceeding in accordance with this part, § 6–51–103 and title 29, chapter 35 to contest the validity thereof ...

However, in *Hart v. City of Johnson City*, 801 S.W.2d 512 (Tenn.1990), the Supreme Court declared the 1984 amendment unconstitutional in its entirety. A reading of *Hart* reveals that the Supreme Court held the population classifications embodied in the amendment violated the Tennessee Constitution. *Id.* at 517. The plaintiff property owners in *Hart* urged the Supreme Court to use the doctrine of elision to strike the offensive portions of the 1984 amendment and to leave intact that portion creating standing to sue for adjoining property owners. The *Hart* court responded by stating that to follow this course would be judicial legislation and therefore, the court unequivocally refused to do so. *Id.* at 517–18. Therefore, as a result of the *Hart* opinion, the only property owners allowed to contest an annexation ordinance by way of the quo warranto proceeding delineated in T.C.A. § 6–51–103 are those who own property within the annexed area.

Plaintiff residents organization argues that it has commenced its suit under the general quo warranto statute contained in T.C.A. § 29–35–101 *et seq.* They allege that they are not suing the defendant as adjoining landowners but rather as representatives of the State. As such, plaintiff asserts that its members have standing to sue based upon T.C.A. § 29–35–101 *et seq.* in that the District Attorney General authorized this suit.

Our review of T.C.A. § 29–35–101 *et seq.* reveals no mention in the statute of any quo warranto proceeding to challenge an annexation ordinance. We must further note that this statute was enacted in 1858. In 1955,

T.C.A. § 6–51–103 was adopted providing for a quo warranto action to challenge an annexation ordinance. In 1984, T.C.A. § 6–51–103 was amended to provide for adjacent landowners to bring a quo warranto action to challenge an annexation provision. As stated, this amendment has been held unconstitutional. *See Hart*, cited *supra.* In light of this history, it is our opinion that the legislature would not have enacted new provisions in 1954 to create an action, and a later amendment to provide for adjacent landowners to bring an action, if either such action was available under the pre-existing general quo warranto provisions of T.C.A. § 29–35–101 *et seq.* However, plaintiff alleges that it does indeed have a cause of action under the general quo warranto statute.

The Supreme Court, in *State v. Town of Greeneville*, 201 Tenn. 133, 297 S.W.2d 68 (1956), discussed the relationship between these two statutory provisions. The *Town of Greeneville* Court stated in pertinent part as follows:

We think that an examination of the quo warranto statute will readily disclose that it would be impossible to include all the provisions of that statute and apply them to the situation provided for by the annexation statute. It is our opinion that the intention of the Legislature was to mesh in with the annexation statute such sections of the quo warranto statute as would be applicable ...

*Id.* at 71. However, this does not in any way change the nature of who may bring such an action to challenge an the annexation ordinance.

■ In further support of our position, we note the law in Tennessee that applicable special statutes prevail over general statutes. *Watts v. Putnam County*, 525 S.W.2d 488, 492 (Tenn.1975); *Commercial Standard Ins. Co. v. Hixson*, 175 Tenn. 239, 243–44, 133 S.W.2d 493, 495 (1939). In *Commercial Standard*, the Supreme Court stated the following:

It is a rule of statutory construction that where there are two provisions, one of which is special and particular and certainly includes the matter in question, and the

other general, which if standing alone would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general provision ...

*Id.* at 495. In our opinion, this is the case as to the two statutes in question herein. We hold that the annexation statute provides the exclusive means to challenge an annexation ordinance. As such, plaintiff's action in the instant case would only lie by way of the annexation statute. Clearly, plaintiff does not have standing to bring such an action under this statute.

For the aforementioned reasons, we affirm the trial court's holding that plaintiff lacks standing to sue defendant as adjacent residents and landowners. Costs in this cause are taxed to plaintiff.

TOMLIN, P.J. (W.S.), and FARMER, J., concur.