**CITY OF BRISTOL, Tennessee,**
**Plaintiff–Appellant,**

v.

**TOWN OF BLUFF CITY, Tennessee,**
**Defendant–Appellee.**

Court of Appeals of Tennessee,
Eastern Section.

July 21, 1993.

Permission to Appeal
Denied by Supreme Court
Dec. 20, 1993.

Jack W. Hyder, Jr., Winston, Massengill, Caldwell & Hyder, P.C., Bristol, for plaintiff-appellant.

Charlton R. DeVault, Jr., Kingsport, for defendant-appellee.

*OPINION*

FRANKS, Judge.

In this annexation dispute the principal issue is whether the town of Bluff City timely questioned the legality of the city of Bristol's annexation. The Trial Judge at the behest of Bluff City held under the Declaratory Judgment Act that the city of Bristol's annexation was illegal and void.

Pertinent to the issues herein, Bristol passed on first reading an ordinance annexing along Highway 11E on September 5, 1989. The annexation ordinance was not challenged and became effective on October 19, 1989. On October 17, 1991, Bluff City undertook to revive its annexation of the Piney Flats area. On November 21, 1991, Bristol filed this action against Bluff City to negate Bluff City's attempt to annex the area, relying on Tennessee Code Annotated 6–51–110(b), which affords a larger municipality priority over the smaller with respect to annexation of the same territory. On December 20, 1991, Bluff City filed its counter-claim averring Bristol's 1989 annexation was illegal.

In 1974, the Supreme Court held T.C.A. § 6–51–110 gave the larger of two cities priority in an annexation dispute, and the smaller municipality was without standing to contest the propriety of the annexation. Apparently in response to this decision, the General Assembly enacted Tennessee Code Annotated § 6–51–110(f), which reads:

> "When a larger municipality initiates annexation proceedings for a territory which could be subject to annexation by a smaller municipality, the smaller municipality shall have standing to challenge the proceeding in the Chancery Court where the territory proposed to be annexed is located."

Subsequently, the Supreme Court in *City of Watauga v. City of Johnson City,* 589 S.W.2d 901 at 905–6 (Tenn.1979), explained the purpose and scope of this provision:

"Johnson City's brief makes the contention that the language of T.C.A. § 6–317 [T.C.A. 6–51–110] granting to smaller municipalities the standing, 'to challenge the proceedings in the chancery court' limits the issues that can be raised by a smaller municipality to purely procedural defects. The argument is based entirely upon the use of the word 'proceedings.' We disagree. The nature of annexation by ordinance is such that it is accurate and logical to refer to the entire process as 'annexation proceedings.' *We think the Legislature intended to grant to smaller municipalities the same standing to challenge annexation that it theretofore granted to owners of property in the territory to be annexed, no more and no less.*" (Emphasis supplied).

It is readily apparent from the statutory enactments and the cases that but for this provision Bluff City would have no standing to contest any of Bristol's annexation ordinances in any fashion, and a municipality's standing to challenge an annexation is the same as that previously vested by the Legislature to owners of property which borders or lies within the territory which is the subject of the annexation.

■ A proceeding in the nature of a *Quo Warranto* proceeding to challenge an annexation must be filed prior to the operative date of the annexation ordinance. This was not done by the town of Bluff City. Bluff City's argument that Bristol's annexation ordinance is illegal and void proves too much. A *Quo Warranto* proceeding reaches governmental exercise of authority unlawfully asserted and Bluff City's complaint squarely falls within the statutory ground for which an action in the nature of *Quo Warranto* will lie, i.e., "exercise powers not conferred by law". T.C.A. 29–35–101(4)(B). In this connection *see State ex rel. Southerland v. Town of Greeneville*, 201 Tenn. 133, 297 S.W.2d 68 (Tenn.1957).

■ The judgment of the Trial Court is reversed on the ground that Bluff City did not timely contest Bristol's annexation ordinance, but is affirmed on the Trial Court's alternative ruling that Bristol "would have priority and precedence over Bluff City's annexation under T.C.A. § 6–51–110(b)".

The cause is remanded to enter a judgment consistent with this opinion, with costs of the appeal assessed to Town of Bluff City.

SANDERS, P.J. (Eastern Section), and GODDARD, J., concur.