# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
On-Brief June 24, 2004

## KENNETH SNELL, ET AL. v. CITY OF MURFREESBORO

**A Direct Appeal from the Circuit Court for Rutherford County**
**No. 47874     The Honorable Robert E. Corlew, Judge**

---

**No. M2003-02716-COA-R3-CV - Filed August 27, 2004**

---

Plaintiffs appeal from trial court's dismissal of complaint for failure to state a cause of action. Plaintiffs allege that trial court erred in finding that Plaintiffs had no standing to challenge annexation ordinance passed by City of Murfreesboro. Finding that the trial court was correct in determining that Plaintiffs were not entitled to challenge the annexation ordinance under Tennessee declaratory judgment statute, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and DAVID R. FARMER, J., joined.

John Rodgers and James P. Barger of Murfreesboro for Appellants, Kenneth Snell and Twila Snell

Susan Emery McGannon and Richard W. Rucker of Murfreesboro for Appellee, City of Murfreesboro

### OPINION

On November 7, 2002, the City of Murfreesboro (the "City," "Defendant," or "Appellee") passed annexation ordinance 02-0A-62 (the "Ordinance"). The Ordinance annexes approximately twenty-four (24) acres which is slated to be developed into a residential subdivision and approximately 1,600 feet of New Salem Road right-of-way. Kenneth Snell and his wife, Twila Snell, (the "Snells," "Plaintiffs," or "Appellants") own property directly across the road (i.e. New Salem Highway) from the annexation area. On February 18, 2003, the Snells filed a "Complaint for Declaratory Judgment," seeking to have the Ordinance declared null and void as a violation of T.C.A. §6-51-101 et seq. Leave to amend the Complaint was granted and the Snells filed their Amended Complaint on August 22, 2003. The Amended Complaint reads, in relevant part, as follows:

> Come now the Plaintiffs, by and through counsel, and file this action for declaratory judgment and would show unto the Court the following:

1. Plaintiffs are residents of Rutherford County, Tennessee, and are owners of property known as 2798 Highway 99, also known as New Salem Highway.

2. On November 7, 2002, Respondent, the City of Murfreesboro passed Ordinance 02-0A-62 on third and final reading, which annexed approximately twenty-four acres of Parcel 21 on Tax Map 114, located on the south side of New Salem Highway just to the west of Kimbro Road.

3. The annexed property was not contiguous to the then existing city of Murfreesboro and in order to effect annexation, approximately 1,600 linear feet of New Salem Highway right-of-way was included in the annexation so that the property will be contiguous to the existing city limits.

4. The right-of-way being annexed does not contain either people, private property or commercial activity in any of the approximately 1,600 linear feet.

5. Defendant claimed authority to annex under Tenn. Code Ann. § 6-51-101 et seq. but no such authority exists under Tenn. Code Ann. § 6-51-101 et seq. for Defendant to annex property where neither people, nor private property nor commercial activity are included.

6. Plaintiffs' rights, status and other legal relations are depending on a judicial interpretation of Defendant's actions and said rights will be impaired if a determination of this issue is not resolved.

7. There exists an actual controversy between Plaintiffs and Defendant regarding whether Defendant's annexation is permitted under the laws of Tennessee.

8. Plaintiff would show that at the same time Defendant approved Ordinance 02-0A-62, Defendant also approved the residential development of the twenty-four acres. As approved, said development will include seventy new homes with a proposed entrance to this subdivision located immediately west of Plaintiffs' driveway on New Salem Highway. The development will consist of lower cost homes which are inconsistent with surrounding homes in the neighborhood. The proposed development will also increase

noise, traffic and congestion on New Salem Highway and will result in decreased property value for Plaintiff as well as diminish the use and enjoyment of his property.

9. On such information and belief that such action is not permitted under the laws of the State of Tennessee, and is null and void, Plaintiffs seek an interpretation of Tennessee law and a judgment declaring the actions of Defendant null and void.

WHEREFORE PREMISES CONSIDERED, Plaintiff requests that:

1. Defendant be served with a copy of this complaint and be required to answer and plead to the complaint within the time and in the manner required by law;

2. Upon final hearing in this cause, the Court find that the annexation for property located on New Salem Highway west of Kimbro Road is not authorized under the laws of the State of Tennessee;

3. This court enter a judgment declaring the annexation plan null and void;

In response to the Snells' original Complaint, the City filed a "Motion to Dismiss" on April 21, 2003, along with a Memorandum in support thereof. On July 9, 2003, the Snells filed their Response to the City's Motion to Dismiss, along with a Memorandum in support of their position.

A hearing was held on August 22, 2003. The trial court entered its Order, granting the City's Motion to Dismiss on October 27, 2003. The trial court's reasoning is set out in detail in its opinion letter of September 12, 2003, which is incorporated by reference into the Order. The opinion letter reads, in relevant part, as follows:

The parties have stipulated that an engineer's sketch accurately illustrates the land in question. Assuming the correctness of the sketch and its scale, it appears, as the Plaintiffs have alleged, that the City has purported to annex a parcel of land which is in fact surrounded on all sides by lands within the county which were not previously a part of the city, and which is connected only by a narrow portion of land including only the roadway and no other property owners....

The record shows that the Plaintiffs are in fact contiguous landowners, inasmuch as a portion of their property is directly across the road from the property the City seeks to annex, and the Plaintiffs' property abuts the road which the City has purported to annex as a connecting strip between portions of the city limits. It is undisputed that the Plaintiffs are not landowners of any portion of the land purported to be annexed....

The Plaintiffs assert that they are entitled to bring the action in question, being adjoining landowners. Indeed the provisions of *Tennessee Code Annotated* §6-51-103 provides that an action may be brought by "[A]ny aggrieved owner of property which borders or lies within territory which is the subject of an annexation ordinance...." *T.C.A.* §6-51-103 (a)(1)(A). *T.C.A.* §6-51-103 (a)(2)(A) provides a similar benefit, applied only to an "owner of property, lying within territory which is the subject of an annexation ordinance...." *T.C.A.* §6-51-103 (a)(2)(A). Section (B) of that section then limits the application of the statute to some counties based upon various populations.... As the City correctly alleges, our Supreme Court in *Hart v. City of Johnson City*, 801 S.W.2d 512 (Tenn. 1990), determined a portion of that statute to be unconstitutional, for the reason that there was no justification for limitation of the application of the statute based upon populations of counties.... We read the provisions of *T.C.A.* §6-51-103 to apply the population limitations only to the second portion of the statute, and not to the first portion. The first portion of the statute, however, provides the opportunity for adjoining landowners to contest the provisions of the annexation ordinances. Unfortunately for the landowners, the legislature has also established paragraph (a)(1)(B) which further limits the application of the first portion of the statute, and provides that it is inapplicable to counties excluded by the subsequent part of the statute. Our Supreme Court, thus, declared the entire statute pertinent to our discussion to be unconstitutional in *Hart*, *supra*, at 518. We cannot find that the legislature has further taken actions concerning the provisions of *T.C.A.* §6-51-103 since 1989, and thus we find that we are bound by the provisions of *Hart*, *supra*.... We therefore find that the provisions of *Hart* require that "the only property owners allowed to contest an annexation ordinance by way of the *quo warranto* proceeding delineated in *T.C.A.* §6-51-103 are those who own property within the annexed area." *State ex rel. Cordova Area Residents for the Environment v. City of Memphis*, 862 S.W.2d 525, 526 (Tenn. Ct. App. 1992), *perm. app. denied*.

...Because the Supreme Court has declared the provisions of the law allowing some citizens of our state who are adjoining landowners to contest such actions to be unconstitutional, and because there are no other statutes which allow adjacent landowners to contest such ordinances, it is our duty to grant the City's Motion to Dismiss. In accordance with the findings both of our Supreme Court and our Court of Appeals, as stated above, only if the Plaintiffs were landowners within the property subject to the annexation ordinance would they be able to maintain a *quo warranto* action.

The Snells appeal from the trial court's grant of the City's Motion to Dismiss and raise one issue for review: Whether the trial court was correct in granting the Defendant's Motion to Dismiss, dismissing the Plaintiffs' Complaint for a Declaratory Judgment.

We first note that a motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the legal sufficiency of the complaint. It admits the truth of all relevant and material allegations but asserts that such allegations do not constitute a cause of action as a matter of law. *See Riggs v. Burson*, 941 S.W.2d 44 (Tenn. 1997). Obviously, when considering a motion to dismiss for failure to state a claim upon which relief can be granted, we are limited to the examination of the complaint alone. *See Wolcotts Fin. Sev., Inc. v. McReynolds*, 807 S.W.2d 708 (Tenn. Ct. App. 1990). The basis for the motion is that the allegations in the complaint, when considered alone and taken as true, are insufficient to state a claim as a matter of law. *See Cornpropst v. Sloan*, 528 S.W.2d 188 (Tenn. 1975). In considering such a motion, the court should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true. *See Cook Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 934 (Tenn. 1994).

The rights of an aggrieved owner of property to contest an annexation ordinance are set out in T.C.A.§ 6-51-103 (1998). The statute reads, in relevant part,

Any aggrieved owner of property ... within territory which is the subject of an annexation ordinance prior to the operative date thereof, may file a suit in the nature of a quo warranto proceeding in accordance with this part, § 6-51-301 and title 29, chapter 35 to contest the validity thereof on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law.

Although the Tennessee Legislature amended this statute in 1984 to allow owners of property *bordering* annexed property to challenge the validity of the annexation, this amendment was struck down in its entirety by the Tennessee Supreme Court in the case of *Hart v. City of Johnson City*, 801 S.W.2d 512 (Tenn. 1990), on the ground that a population classification in the amendment, excluding residents of certain counties from application of the amendment, had no rational basis. Therefore, under the statute as it now stands, only owners of property *within* an annexed territory are

permitted to bring a *quo warranto* proceeding to challenge the validity of the annexation. Appellants in the case at bar do not own property within the annexed territory, and thus cannot claim the right to challenge an annexation ordinance under T.C.A. § 6-51-103.

Appellants assert, however, that they are nonetheless entitled to bring an action for declaratory judgment under the Tennessee Supreme Court's holding in ***Earhart v. City of Bristol***, 970 S.W.2d 948 (Tenn. 1998). In ***Earhart***, the Court considered a challenge to nineteen separate annexation ordinances passed by the city of Bristol, Tennessee. Two of the annexation ordinances challenged in ***Earhart*** included rights-of-way only, and thus there were no residents of the annexed territory who could bring a *quo warranto* claim. The Court held that where the remedy of *quo warranto* is unavailable to *any* resident, an annexation ordinance may be challenged using other remedies, including declaratory judgment, and it is this holding on which the Appellants rely in the case at bar.

Unfortunately, Appellants' reliance upon ***Earhart*** is misplaced. ***Earhart*** clearly applies only in those situations where a municipality passes an ordinance that "purports to annex an area that does not include people, private property, or commercial activity and is, therefore, void." ***Id.*** at 954. When a municipality passes any such void annexation ordinance, the ordinance may be challenged under the Declaratory Judgment Act. But such is not the situation in this case. The annexation ordinance being challenged by Appellants does, in fact, include people and private property; but it does not include Appellants and *their* property.

Because the annexed territory in this case *does* include people and private property, the *quo warranto* remedy is available to challenge the annexation ordinance in question; it is just not available to Appellants. The alternative remedy of declaratory judgment is therefore not available to Appellants under the rationale set out in ***Earhart***. Under both T.C.A. § 6-51-103 and ***Earhart***, Appellants lack legal standing to challenge the annexation ordinance at issue in this litigation.

As Appellees have noted, Appellants' underlying concern in this litigation appears to be the City's approval of a proposed residential development, which, Appellants suggest, "will result in decreased property value for Plaintiffs as well as diminish the use and enjoyment of their property." Appellants may have other legal avenues available to them to challenge the City's approval of the residential subdivision in question. However, since Appellants have chosen to challenge the annexation ordinance alone, the Court need not address the merits of a possible legal challenge to such zoning and development decisions.

Since this is a Tenn. R. Civ. P 12.02 Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, this Court is limited to the language of the Amended Complaint. Under the Amended Complaint, it is in effect alleged that the proposed area for annexation includes "people, private property and commercial activity." Therefore, Appellants have no standing to challenge the annexation ordinance in question by declaratory judgment.

Accordingly, we affirm the trial court's dismissal of Appellants' claim. Costs of this appeal are assessed to the Appellants, Kenneth Snell and Twila Snell, and their surety.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.