IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 6, 2021 Session

**P.H. v. GREGORY O. COLE**

**Appeal from the Circuit Court for Davidson County**
**No. 19C809     Kelvin D. Jones, Judge**

_____

**No. M2020-01353-COA-R3-CV**
_____

The plaintiff tested positive for HSV-2, a sexually transmitted disease, after her sexual relationship with the defendant ended. She filed a complaint against the defendant, claiming that he was liable for transmitting the disease to her. The defendant had his blood tested after being served with the plaintiff's complaint, and his blood results were negative for both HSV-2 and HIV. The trial court granted the defendant's motion for summary judgment, and the plaintiff appealed. We affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY W. ARMSTRONG, J., joined.

Worrick G. Robinson, IV, Nashville, Tennessee, for the appellant, P.H.

Richard Lee Colbert, Nashville, Tennessee, for the appellee, Gregory O. Cole.

**OPINION**

I. FACTUAL AND PROCEDURAL BACKGROUND

P.H. and Gregory O. Cole dated for a period of time between 2014 and 2018. P.H. learned in 2018 that she had become infected with HSV-2, a sexually transmitted disease commonly known as genital herpes. P.H. believed she contracted HSV-2 from Mr. Cole and filed a complaint against him asserting claims for battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence per se, and fraud. Mr. Cole denied transmitting HSV-2 to P.H. and underwent blood tests to determine whether or not he was infected. When his blood test came back negative for HSV-2, Mr. Cole moved for summary judgment and attached as an exhibit the declaration of Dr. Fritz Wawa, the physician in charge of the medical center where Mr. Cole had his blood drawn,

as well as the test results showing his negative status for HSV-2. P.H. opposed the motion for summary judgment and suggested that Mr. Cole's test results may have shown a false negative, and not be reliable, if he were immunocompromised. In response, Mr. Cole returned to the medical center to have additional blood drawn and tested for HIV. The additional test results showed that Mr. Cole did not have HIV and that he was not immunocompromised. Mr. Cole filed a reply to P.H.'s opposition to his motion for summary judgment and attached a second declaration from Dr. Wawa and a copy of his second blood test to show that he was not immunocompromised.

The trial court held a hearing on Mr. Cole's motion. During that hearing, P.H.'s attorney conceded that, although P.H. was tested for sexually transmitted diseases before she and Mr. Cole began their sexual relationship, she was not tested for HSV-2 until 2018, after the parties' sexual relationship had ended. P.H.'s attorney stated the following at the hearing:

> [I]n the interest of candor to the Court, the complaint indicates that the plaintiff was tested for all sexually transmitted diseases prior to beginning her relationship with the defendant. I have since learned that she was tested for several sexually transmitted diseases and I do have those results; however, the HSV-2 test was not conducted at that time.

Later in the hearing, the trial court questioned P.H.'s attorney as follows:

> THE COURT: [I]f you go to [P.H.'s] declaration, in her declaration, Item No. 3, the plaintiff states prior to us becoming intimate, I did not have any sexually transmitted disease. And that statement cannot be true because she now states, or as we've come to find out, that she was not tested for HSV, right?
>
> P.H.'S ATTORNEY: That's right.

The trial court granted Mr. Cole's motion for summary judgment. In its order, the trial court wrote the following, in relevant part:

> [T]he Court finds that based on undisputed medical evidence in the form of test results authenticated by Dr. Fritz Wawa, M.D., the Defendant does not have HSV-2 or HIV. Based on this undisputed medical evidence, the Defendant could not have given the Plaintiff HSV-2 because he does not have HSV-2. This undisputed medical evidence negates an essential element of all of the Plaintiff's claims. There is no genuine issue of material fact, and the Defendant is entitled to judgment as a matter of law.

P.H. filed a motion to alter or amend, which the trial court denied.  P.H. appeals the trial court's denial of her motion to alter or amend.  She argues on appeal that the trial court improperly applied the summary judgment standard by weighing the evidence and substituting its judgment for that of the trier of fact.

## II. STANDARD OF REVIEW

"'Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Collier v. Legends Park LP*, 574 S.W.3d 356, 358 (Tenn. Ct. App. 2018) (quoting *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015)); *see* TENN. R. CIV. P. 56.04.  When the party moving for summary judgment does not have the burden of proof, he or she may satisfy his or her burden of production "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye*, 477 S.W.3d at 264.  If the moving party is able to make this showing, the nonmoving party must demonstrate, by affidavits or discovery materials, that there is a genuine issue of material fact to warrant a trial.  *Rye*, 477 S.W.3d at 265.  "The nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party." *Id.*  We review a trial court's decision on a motion for summary judgment de novo, affording it no presumption of correctness. *Kershaw v. Levy*, 583 S.W.3d 544, 547 (Tenn. 2019); *Collier*, 574 S.W.3d at 358 (citing *Rye*, 477 S.W.3d at 250).

## III. ANALYSIS

To prevail in her lawsuit, P.H. was required to prove that Mr. Cole transmitted HSV-2 to her.  P.H. challenged the declarations by Dr. Wawa that Mr. Cole submitted in support of his summary judgment motion.  Dr. Wawa made the following relevant statements under penalty of perjury with regard to Mr. Cole's HSV-2 test:

1.  I am a medical doctor licensed in the state of Tennessee.  I am the chief medical officer at Harding Medical Center, a family practice and walk-in clinic located at 4126 Nolensville Road, Nashville, Tennessee 37211.  As the chief medical officer at Harding Medical Center, I also am ultimately responsible for maintaining the medical records of the facility.

2. On April 26, 2019, Gregory Cole came to Harding Medical Center and asked to be tested for genital herpes, or HSV-2. A blood sample was taken. That sample was then transmitted to Quest Diagnostics for testing.

3. HSV-2 is a sexually transmitted disease. The only way for an adult to get HSV-2 is through sexual contact with someone else who already has HSV-2.

4. The test for HSV-2 is the IgG test. In the IgG test, a blood sample is taken. That blood sample is then tested for the presence of the Immunoglobulin G (IgG) antibody, an antibody that is produced when one has HSV-2 within a few months after the disease is contracted, and at anytime thereafter since the IgG antibody will remain in the body for a lifetime.

5. Quest Diagnostics conducted the IgG test on Mr. Cole's blood sample. The results were negative, indicating that Mr. Cole does not have HSV-2.

Dr. Wawa's second declaration, which related to Mr. Cole's HIV test, included the following relevant statements:

1. I am a medical doctor licensed in the state of Tennessee. I am the chief medical officer at Harding Medical Center, a family practice and walk-in clinic located at 4126 Nolensville Road, Nashville, Tennessee 37211. As the chief medical officer at Harding Medical Center, I also am ultimately responsible for maintaining the medical records of the facility.

2. On September 10, 2019, Gregory Cole came to Harding Medical Center and asked to be tested for HIV infection. A blood sample was taken. Testing like that requested by Mr. Cole in April for herpes and in September for HIV is a regular part of the Harding Medical Center practice. When patients present for such testing, their blood is drawn by a qualified assistant. The samples are drawn into uncontaminated, sealed, and properly labeled test tubes, which are then sent to Quest Diagnostics for testing. Quest Diagnostics, a Fortune 500 company, is a world leader in diagnostic testing and maintains its own standards for ensuring that blood or fluid samples are not contaminated before or during testing.

3. Quest Diagnostics uses a test known as HIV-1/2 Antigen and Antibodies, Fourth Generation, with Reflexes. The test is used to screen and confirm HIV-1/HIV-2 infection (including acute infection) and to differentiate HIV-1 from HIV-2 infection. Quest Diagnostics conducted that test on Mr. Cole's blood sample. The results were negative. There was no laboratory evidence of HIV infection.

According to P.H., Dr. Wawa was unable to authenticate the blood test results showing that Mr. Cole was negative for HSV-2 and HIV because Dr. Wawa did not state that he (1) personally observed Mr. Cole donating blood at his clinic, (2) personally drew blood from Mr. Cole, (3) personally confirmed Mr. Cole's identity by driver's license, or (4) oversaw the testing of Mr. Cole's blood samples. As a result, P.H. argues, Dr. Wawa's declarations failed to meet the requirements of Tenn. R. Civ. P. 56.06. Rule 56.06 requires that affidavits submitted in support of a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."

Mr. Cole moved for summary judgment just five days after filing his answer to P.H.'s amended complaint. P.H. could have asked the trial court to continue the hearing on Mr. Cole's motion for summary judgment, pursuant to Tenn. R. Civ. P. 56.07, to give her time to depose Dr. Wawa or to obtain affidavits in opposition to Dr. Wawa's declarations. *See Rye*, 477 S.W.3d at 265 ("If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07."). However, she did not do this. Instead, P.H. asked the trial court to order Mr. Cole to undergo an independent medical examination pursuant to Tenn. R. Civ. P. 35.01. Rule 35.01 allows a court to order a party to submit to a physical or mental examination "[w]hen the mental or physical condition (including the blood group) of a party . . . is in controversy[.]" The trial court denied this request by P.H., stating:

> There is no controversy here regarding the defendant's medical status. The defendant has produced two declarations of Dr. Fritz Wawa of Harding Medical Center showing that defendant does not have either HSV-2 or HIV. Plaintiff has failed again to rebut this proof with any expert testimony showing why the defendant's medical status would still be an issue.

We have interpreted Rule 35.01 to require the party moving for a medical examination to establish two things: (1) "that the mental or physical condition of a party . . . is 'in controversy,'" and (2) that "'good cause' exists for the physical or mental examination." *Odom v. Odom*, No. M1999-02811-COA-R3-CV, 2001 WL 1543476, at *5 (Tenn. Ct. App. Dec. 5, 2001) (quoting Tenn. R. Civ. P. 35.01). The moving party "must establish more than that the mental or physical examination may lead to relevant information." *Id.* (citing *Guildford Nat'l Bank v. S. Ry.*, 297 F.2d 921, 924 (4th Cir. 1962)). P.H. challenges Dr. Wawa's declarations, but she did not make the requisite showing to support her request for a Rule 35.01 examination.

An attorney is a party's agent during the proceedings of a case, and the factual statements an attorney makes on a client's behalf during pretrial proceedings are considered admissions of the party. *Pankow v. Mitchell*, 737 S.W.2d 293, 296 (Tenn. Ct. App. 1987). During the summary judgment hearing, P.H.'s attorney acknowledged that

P.H. was not tested for HSV-2 before she began engaging in sexual relations with Mr. Cole. This concession in open court by P.H.'s attorney "constitutes a binding stipulation." *Bearman v. Camatsos*, 385 S.W.2d 91, 93 (Tenn. 1964); *see also Kirkwood v. Shelby Cnty. Gov't*, No. W2005-00769-COA-R9-CV, 2006 WL 889184, at *6 (Tenn. Ct. App. Apr. 6, 2006) ("A party who makes [a] concession or adopts evidence by stipulation and whose cause of action is determined thereon, must abide by his decision even on appeal by certiorari and such stipulations will be strictly enforced by courts.").

In the absence of evidence of her HSV-2 status before engaging in sexual relations with Mr. Cole, P.H. is unable to prove that Mr. Cole transmitted HSV-2 to her. This would be the case regardless of whether Mr. Cole tested positive or negative for HSV-2. By submitting evidence of his negative status for HSV-2 and HIV, and by relying on P.H.'s attorney's in-court statement conceding that P.H. was not tested for HSV-2 before starting her sexual relationship with Mr. Cole, Mr. Cole affirmatively negated an essential element of P.H.'s claim and demonstrated that her evidence at the summary judgment stage was insufficient to prove her claim. *See Rye*, 477 S.W.3d at 264. P.H., in response, failed to demonstrate, by affidavits or otherwise, that there was a genuine issue of material fact to warrant a trial. *See id.* at 265. As a result, we affirm the trial court's decision granting Mr. Cole's motion for summary judgment.

## IV. CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal shall be assessed against the appellant, P.H., for which execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE