IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 11, 2025 Session

## JEFFREY TEBEAU v. MILLERWOOD INVESTMENTS, LLC ET AL.

Appeal from the Circuit Court for Shelby County
No. CT-002110-18  Damita J. Dandridge, Judge

_____

### No. W2024-00642-COA-R3-CV

_____

This is a premises liability case.  While attending a gathering at the appellees' apartment, the appellant fell from a second-floor balcony, sustaining multiple injuries.  The appellant sued the owner of the apartment and each of the tenants/appellees for negligence.  This appeal concerns the tenants/appellees only.  The appellees moved for summary judgment, arguing that they did not owe the appellant a duty of care because: (1) the allegedly dangerous condition was open and obvious and the appellant's accident was not reasonably foreseeable; (2) the appellees did not have superior control over the apartment such that they could remedy the allegedly dangerous condition; and (3) in his deposition, the appellant was unable to articulate what steps the appellees could have taken to prevent his injuries.  The trial court granted summary judgment on its conclusion that: (1) the tenants had no control over the apartment to remedy the allegedly dangerous condition; and (2) the allegedly dangerous condition was open and obvious.  We affirm, although on different grounds.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and CARMA DENNIS MCGEE, J., joined.

W. Bryan Smith, Memphis, Tennessee, for the appellant, Jeffrey Tebeau.

Richard W. Wackerfuss, Memphis, Tennessee, for the appellee, Clair Caldwell.

Dawn Davis Carson, Christina R. Hadaway, Andrew R.E. Plunk, and Abigail Gray Brigance, Memphis, Tennessee, for the appellee, Ross Devlin.

Abigail K. Abide, Memphis, Tennessee, for the appellee, Jesse Wilcox.

# MEMORANDUM OPINION[1]

## I. Background

In August 2017, Jesse Wilcox, Ross Devlin, and Clair Caldwell ("Tenants" or "Appellees") entered into a lease for the second floor of a duplex apartment located at 213 Avalon Street in Memphis, Tennessee (the "Apartment"). The Tenants leased the Apartment from its owner, Millerwood Investments, LLC ("Millerwood"). The sole owner of Millerwood is Jay Wood. As discussed below, although this lawsuit involved the Tenants, Millerwood, and Mr. Wood, this appeal concerns only the Tenants.

On November 11, 2017, Jeffrey Tebeau ("Appellant") attended a party at the Apartment. Appellant was not personally acquainted with the Tenants, and he attended the party with his friend, Cory Elder. The Apartment had an outdoor balcony, which was located approximately 11 feet off the ground. A 25 and ¾-inch-high railing surrounded the balcony. As discussed more thoroughly below, Appellant was on the balcony with Mr. Elder when the two were attempting to re-enter the Apartment. When they approached the door to re-enter, the screen door opened out towards the balcony, causing Mr. Elder, who was in front of Appellant, to step backwards. Appellant also stepped backwards, at which point his right leg and foot made contact with the railing, causing Appellant to fall over it. When he fell, Appellant had his left arm wrapped around Mr. Elder's left shoulder, which caused Mr. Elder also to fall over the railing. Mr. Devlin was not on the balcony when Appellant and Mr. Elder fell, and Mr. Wilcox and Ms. Caldwell were not on the premises at all.

On May 7, 2018, Appellant filed a complaint for damages against Millerwood in the Shelby County Circuit Court ("trial court"). On November 8, 2018, Appellant filed an amended complaint adding Mr. Wood and each of the Tenants as defendants. Appellant alleged, *inter alia*, that the Tenants owed a duty to maintain the Apartment in a reasonably safe condition and to take steps to protect Appellant from dangerous conditions on the property and/or to warn against conditions that posed an unreasonable risk of harm to Appellant. The Tenants filed separate answers denying liability.

On September 4, 2020, Mr. Devlin filed a motion for summary judgment. On September 30, 2020, Mr. Wilcox filed a motion for summary judgment. Ms. Caldwell joined in both motions, and Mr. Devlin and Mr. Wilcox joined in each other's motions.

---

[1] Rule 10 of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The Tenants argued that summary judgment was appropriate because they did not owe Appellant a duty of care as: (1) the condition of the property (individuals on a balcony, outward-swinging door, and low railing) was open and obvious, and Appellant's accident was not reasonably foreseeable; (2) the Tenants did not have superior control over the Apartment to remedy the allegedly dangerous condition; and (3) in his deposition, Appellant was unable to articulate what steps the Tenants could have taken to prevent his injuries. The exhibits filed in support of the motions were: (1) Appellant's deposition; (2) Mr. Wood's deposition; (3) the Tenants' depositions; and (6) Mr. Elder's deposition. Exhibit 3 to Mr. Wood's deposition was the lease between the Tenants and Millerwood. In part, the lease provided that the Tenants shall not "bring about any change or alterations to the premises without the written consent of" Millerwood.

Appellant responded in opposition to the motions for summary judgment. As support for his responses, Appellant included the affidavit of David M. Shuermann, an architect who inspected the Apartment's balcony, along with excerpts from his and the Tenants' depositions. On December 9, 2020, the Tenants filed a reply to Appellant's response.

On December 14, 2020, the trial court heard the motions for summary judgment. By order entered February 1, 2021, the trial court granted the motions, finding, in pertinent part, that: (1) the case turned on the issue of control over the Apartment; (2) the Tenants "did not have control over the [Apartment] pursuant to the terms of the lease such that the burden was on [the Tenants] to remedy the allegedly low railing on the balcony;" and (3) "the Tenants did not have a legal duty to warn [Appellant] of the railing because it was open and obvious as far as what the level of the rail was, thus putting [Appellant] in an equal position to observe and appreciate the risks of harm of the rail." Although the order disposed of Appellant's claims against the Tenants, the trial court did not direct entry of a final judgment as to the Tenants.[2] Appellant continued to litigate his claims against Millerwood and Mr. Wood for three more years. On April 3, 2024, the trial court acknowledged a settlement between the remaining parties and entered a consent order of dismissal with prejudice as to Appellant's claims against Millerwood and Mr. Wood. The trial court specifically acknowledged that the order served as a final order in Appellant's case against the Tenants as well. Appellant appeals only the order granting the Tenants' motions for summary judgment.

---

[2] Tennessee Rule of Civil Procedure 54.02(1) provides, in part:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the [c]ourt, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Tenn. R. Civ. P. 54.02(1).

## II. Issue

Although Appellant raises three issues for review, the dispositive issue is whether the trial court erred in granting the Tenants' motions for summary judgment.

## III. Standard of Review

A trial court's decision to grant a motion for summary judgment presents a question of law. Therefore, our review is *de novo* with no presumption of correctness afforded to the trial court's determination. ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997). This Court must make a fresh determination that all requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. ***Green v. Green***, 293 S.W.3d 493, 514 (Tenn. 2009). Given the standard of review, this Court is permitted to affirm the trial court's grant of summary judgment on grounds different from those on which the trial court relied. ***Collier v. Legends Park LP***, 574 S.W.3d 356, 359 (Tenn. Ct. App. 2018).

When a motion for summary judgment is made, the moving party has the burden of showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The Tennessee Supreme Court has explained that when the party moving for summary judgment does not bear the burden of proof at trial, "the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." ***Rye v. Women's Care Center of Memphis, MPLLC***, 477 S.W.3d 235, 264 (Tenn. 2015) (italics omitted). Furthermore,

> "When a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" at the summary judgment stage "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." ***Matsushita Elec. Indus. Co.,*** [***Ltd. v. Zenith Radio Corp***.], 475 U.S. [574,] 586, 106 S. Ct. 1348 [(1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.

*Rye*, 477 S.W.3d at 265.

## IV. Analysis

This Court has explained that "[n]egligence cannot be presumed by the mere happening of an injury or accident." ***Steele v. Primehealth Med. Ctr., P.C.***, No. W2015-00056-COA-R3-CV, 2015 WL 9311846, at \*5 (Tenn. Ct. App. Dec. 22, 2015) (citing ***Brackman v. Adrian***, 472 S.W.2d 735, 739 (Tenn. Ct. App. 1971)). While "[p]eople fall all the time[,] this does not perforce mean that the fall was due to another's negligence[.]" ***Steele***, 2015 WL 9311846, at \*5 (quoting ***Anderson v. Wal-Mart Stores East, L.P.***, No. 2:12-00037, 2013 WL 3010696, at \*3 (M.D. Tenn. June 18, 2013)). Accordingly, to prevail on a negligence claim in a premises liability action, the plaintiff must provide evidence to establish the following elements: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff suffered an injury or loss; (4) cause in fact; and (5) proximate or legal cause. ***King v. Anderson Cnty.***, 419 S.W.3d 232, 246 (Tenn. 2013). This case turns on the first element, *i.e.,* whether the Tenants owed Appellant a duty of care. Whether a defendant owed a plaintiff a duty of care is a question of law. ***West v. E. Tennessee Pioneer Oil Co.***, 172 S.W.3d 545, 550 (Tenn. 2005) (internal citations omitted). While courts are hesitant to dispose of negligence cases on summary judgment, it is appropriate "if the facts, together with the inferences to be drawn from the facts, are so certain and uncontroverted that reasonable minds must agree." ***Mooney v. Genuine Parts Co.***, No. W2015-02080-COA-R3-CV, 2016 WL 2859149, at \*3 (Tenn. Ct. App. May 11, 2016) (citing ***Keene v. Cracker Barrel Old Country Store, Inc.***, 853 S.W.2d 501, 502-03 (Tenn. Ct. App. 1992)). Because the duty analysis presents a question of law, a motion for summary judgment is appropriate when the material facts are undisputed. *See* ***Shacklett v. Rose***, No. M2017-01650-COA-R3-CV, 2018 WL 2074102, at \*4 (Tenn. Ct. App. May 2, 2018).

Although a premises owner or occupier is not an "absolute insurer of the social guest's safety," ***Eaton v. McLain***, 891 S.W.2d 587, 594 (Tenn. 1994), they have a duty to maintain the premises "in a reasonably safe and suitable condition," *id.* at 593, which includes "protect[ing] against unreasonable risks of harm." ***West***, 172 S.W.3d at 551 (internal citations omitted); *see also* ***Doe v. Linder Const. Co.***, 845 S.W.2d 173, 177 (Tenn. 1992) ("The duty owed the plaintiff by the defendants was, as in all cases, that of reasonable care under all of the circumstances."). This duty includes "either removing or warning against any latent dangerous condition on the premises of which the [owner or occupier] w[as] aware or should have been aware through the exercise of reasonable diligence." ***Eaton***, 891 S.W.2d at 594. Furthermore, a defendant is not, *ipso facto*, relieved from a duty of care when a danger is "open or obvious" to the plaintiff. ***Coln v. City of Savannah***, 966 S.W.2d 34, 43 (Tenn. 1998), *clarified on other grounds by* ***Cross v. City of Memphis***, 20 S.W.3d 642 (Tenn. 2000).

The threshold question in this analysis is whether a dangerous condition existed on the balcony. "If no such condition existed, then a property owner cannot be held liable for failing to take action to remedy it." ***Newcomb v. State***, No. M2014-00804-COA-R3-CV, 2015 WL 3956038, at \*3 (Tenn. Ct. App. June 26, 2015). Appellant argues that the

following independent factors, when combined, resulted in a singular dangerous condition: (1) the screen door opening out onto the balcony towards the railing; (2) a person having to step backwards to enter the Apartment from the balcony; (3) the balcony narrowing where it met the screen door so that there was only 17 inches of space between the edge of the screen door and the railing; (4) a low railing; and (5) the balcony being 11 feet off the ground.[3] Whether a dangerous condition existed was not the subject of the Tenants' motions for summary judgment, and neither the Tenants nor Appellant argue this issue on appeal. Accordingly, we do not address whether the foregoing independent factors, when considered cumulatively, constituted a dangerous condition. Instead, we turn to the question of whether the Tenants owed Appellant a duty of care concerning this allegedly dangerous condition.

For a defendant to owe a duty, the risk of harm to the plaintiff must be foreseeable. *West*, 172 S.W.3d at 551. Indeed, the Tennessee Supreme Court has explained that "[f]oreseeability is the test of negligence," and, "[i]f the injury which occurred could not have been reasonably foreseen, the duty of care does not arise[.]" *Doe*, 845 S.W.2d at 178. "[A] risk is foreseeable if a reasonable person could foresee the probability of its occurrence or if the person was on notice that the likelihood of danger to the party to whom is owed a duty is probable." *Id.* At trial, it is the plaintiff's burden to show "that the injury was a reasonably foreseeable *probability*, not just a remote *possibility*, and that some action within the [premises owner or occupier's] power more probably than not would have prevented the injury." *Id.* (quoting *Tedder v. Raskin*, 728 S.W.2d 343, 348-49 (Tenn. Ct. App. 1987)) (emphases added). Thus, "[t]he pertinent question is whether there was any showing from which it can be said that the defendants reasonably knew or should have known of the *probability* of an occurrence *such as the one which caused the plaintiff's injuries*." *Doe*, 845 S.W.2d at 178 (citing *Corbitt v. Ringley-Crockett, Inc.*, 496 S.W.2d 914, 917-18 (Tenn. Ct. App. 1973)) (emphases added); *see also Eaton*, 891 S.W.2d at 594 ("In other words, the issue is whether [plaintiff] has made 'any showing from which it can be said that the defendants reasonably knew or should have known of the probability of an occurrence such as the one which caused [her] injuries.'").

Before engaging in the relevant analysis, we first review the series of events that led to Appellant's injuries. The Tenants did not witness Appellant's fall, so the only evidence

---

[3] At oral argument, Appellant's attorney also argued that the lighting on the balcony and the number of guests on the balcony contributed to the dangerous condition. Appellant's own deposition testimony contradicts these arguments. First, Appellant repeatedly testified that the lighting on the balcony was *not* an issue. Second, the evidence shows that there was ample seating for the number of guests on the balcony. Additionally, while more guests were present earlier in the evening, there was a smaller crowd on the balcony at the time of the incident. Finally, there is nothing in Appellant's deposition testimony to suggest that other guests standing on the balcony contributed to his fall. Rather, the testimony suggests that Appellant and Mr. Elder were the only guests standing at the time of the incident. Accordingly, the record does not support that the balcony lighting or a crowded balcony contributed to the allegedly dangerous condition.

of the circumstances surrounding the fall is found in Appellant's and Mr. Elder's respective depositions. The following facts are undisputed. Appellant sat on the balcony for approximately 45 minutes before the incident occurred. During this time, Appellant exited the balcony once when he received a telephone call. To take the telephone call, Appellant opened the outward-swinging screen door, walked inside the Apartment, down the interior stairs, and outside onto the front lawn, directly below the balcony; he returned to the balcony shortly thereafter. While on the balcony, Appellant was not concerned about the condition of the balcony or the railing, and he testified that the lighting on the balcony was not an issue. Accordingly, the facts show that Appellant: (1) was aware that the balcony was on the second floor of the Apartment; (2) spent considerable time on the sufficiently-lit balcony before the incident; and (3) was aware that the screen door swung outward because he had used it three times prior to the fall (twice going out onto the balcony and once going into the Apartment). Concerning the fall, Appellant testified that, when he and Mr. Elder stood up to leave the balcony, Appellant hugged Mr. Elder from behind with both arms. As the pair walked across the balcony to exit, Appellant continued to have his left arm draped over Mr. Elder's left shoulder, but Appellant was "offset to [Mr. Elder's] right as [they] were walking towards the door." As such, while they were walking to the screen door, Appellant was near the interior of the balcony, away from the railing. When they reached the door, Appellant "sidestepped to the left," towards the railing, so he could follow Mr. Elder inside once the door opened. Appellant's left arm remained around Mr. Elder's left shoulder. When the screen door opened, Mr. Elder stepped back, and Appellant took a "voluntary" step back "to give [Mr. Elder] space to step back." Thereafter, Appellant's right foot and leg made contact with the railing, causing Appellant to fall over the railing; Appellant was still holding onto Mr. Elder's shoulder, causing Mr. Elder also to fall over the railing.

As an initial matter, it is undisputed that the Tenants entertained guests on the balcony without issue on approximately 4 or 5 occasions before the date of Appellant's accident. The record also shows that, on the night of the incident, several people were on the balcony throughout the night, without issue. Accordingly, the Tenants had no actual notice that a person would fall from the balcony due to the outward swinging door and low railing. *See **Doe***, 845 S.W.2d at 178. Thus, the dispositive question is whether there was any evidence to show that the Tenants **should have known** of the **probability** of an occurrence **such as the one which caused Appellant's injuries**. *See **id.***; ***Eaton***, 891 S.W.2d at 594. We conclude there is no such evidence. For the Tenants to be charged with a duty to either protect Appellant from, or warn him of, the allegedly dangerous condition, they must have reasonably foreseen that: (1) Appellant would follow Mr. Elder to the balcony door; (2) Appellant would hug Mr. Elder from behind; (3) Appellant would position himself between Mr. Elder and the railing rather than between Mr. Elder and the interior wall of the balcony; and (4) Mr. Elder would step back, causing Appellant to step back, come into contact with the railing, and fall over it. We conclude that Appellant's willingness to engage in playful behavior with his friend and to position himself on the exterior of the balcony, all while knowingly being on a second story balcony with a low

railing, "is such a radical departure from reasonable conduct under the circumstances that [the Tenants] could not have reasonably foreseen" such conduct and the resulting consequences. *Eaton*, 891 S.W.2d at 594. While it was certainly *possible* that these events could (and did) occur, we cannot say that they were *probable*. *See Doe*, 845 S.W.2d at 178; *Tedder*, 728 S.W.2d at 348. Indeed, the Tenants had previously entertained multiple guests on the balcony without incident. There was no reason for the Tenants to foresee that it would be any different on the night of Appellant's fall. Accordingly, "[t]o hold otherwise would necessarily cast the [Tenants] in the role of an absolute insurer of [Appellant's] safety, which is not contemplated by our negligence law." *Eaton*, 891 S.W.2d at 594 (internal citations omitted).

Although the trial court granted summary judgment on its conclusions that the Tenants did not have control over the Apartment and that the allegedly dangerous condition was open and obvious, we are permitted to affirm summary judgment on different grounds. *See Collier*, 574 S.W.3d at 359. Accordingly, we affirm the trial court's grant of summary judgment on our conclusion that it was not reasonably foreseeable that Appellant would fall over the railing as he did. Thus, the Tenants did not owe Appellant a duty of care to warn of, or protect against, the allegedly dangerous condition, *i.e.,* the outward swinging door and low railing.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are assessed to the Appellant, Jeffrey Tebeau. Execution for costs may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE