Junior BAKER, Appellant,

v.

Charles Henry HUGHES et al., Appellees.

Supreme Court of Tennessee.

Dec. 15, 1975.

LLoyd S. Adams, Jr., Adams & Albright, Humboldt, for appellant.

W. H. Lassiter, Maddox, Lassiter & Jones, Huntingdon, for appellees.

OPINION

COOPER, Justice.

Plaintiff, Junior Baker, filed an action in the Circuit Court of Benton County to recover damages for the wrongful death of his wife, who was killed in a collision between the ambulance in which she was riding and a tractor trailer rig. The collision occurred on January 11, 1975, on Highway 70 within the limits of the Town of Huntington (Carroll County), Tennessee. Named as defendants were Benton County, the owner of the ambulance involved in the accident, and the owner, the lessee, the trip lessee, and the driver of the tractor trailer rig involved in the accident, and the Town of Huntingdon and its police officer, Pinson, who was escorting the ambulance when the accident occurred. The Town of Huntingdon and the police officer moved to dismiss the action against them for lack of venue. The motion was sustained and plaintiff was granted a discretionary appeal to test the trial court's holding that a tort action against the Town of Huntington and its employee could be maintained only in Carroll County, the situs of the town.

This court has consistently held that actions against governmental entities are inherently local actions and must be brought in the county where the governing body is located. The leading case espousing this rule undoubtedly is *Nashville v. Webb*, 114 Tenn. 432, 85 S.W. 404 (1904), wherein the court enjoined the execution of a judgment rendered against the City of Nashville in the Circuit Court of Wilson County. The court there pointed out that:

". . . actions against municipal corporations are inherently local. These bodies cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence they must be sued where they are found—that is, in the county of their location. It is a misnomer, a misapplication of terms, to speak of an action against such a body as transitory, no matter what the ground may be on which the right of action rests."

The court goes on to emphasize that:

". . . it is of the greatest importance to the welfare of such bodies, and of the citizens whom they serve, that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the State

to attend to litigation *brought against the city* through the agency of counterpart writs." (Emphasis supplied.)

*Piercy v. Johnson City,* 130 Tenn. 231, 169 S.W. 765, decided in 1914, involved an action against the city for damage to land. Suit was brought in the county in which the land was located, not in the county which was the situs of the defendant municipality. Application of the common law rules of venue produced a conflict since actions against a municipality and actions for damage to land were both described as local. The court held that the public policy supporting the rule of *Nashville v. Webb, supra,* should prevail. The rule of *Nashville v. Webb, supra,* was applied without question almost sixty years later in *Keeble v. Loudon Utilities,* 212 Tenn. 483, 370 S.W.2d 531 (1963), and *Shelby County v. City of Memphis,* 211 Tenn. 410, 365 S.W.2d 291 (1963).

In these cases, however, only one governmental entity was involved as a defendant and consequently all defendants could be brought before the court in a single action filed in the county which was the situs of the defendant governmental entity. That is not the situation in the present case. Here we have two governmental entities as defendants. The slavish application of the *Webb* rule would result in forcing plaintiff to sue each governmental entity separately, each in its own county, thereby forcing plaintiff to incur additional expense, to risk inconsistent verdicts, and to further congest court dockets. These results are not desirable. We think the need for judicial efficiency, including the avoidance of a multiplicity of suits and the possibility of inconsistent verdicts, outweighs the advantages resulting from the basic policy of localizing actions against a governmental entity. See Rule 22.01 of the Tennessee Rules of Civil Procedure and editorial comment thereon. To gain this efficiency and at the same time preserve as much of the efficacy of the *Webb* rule as possible under the circumstances, we hold that in the absence of statutory authority to the contrary, where

two or more governmental entities, or their agents and officials, are material defendants, the plaintiff may bring his action at the situs of either governmental entity. Cf. *Putnam County v. White County,* 140 Tenn. 19, 203 S.W. 334 (1917), involving a boundary line dispute between two counties, and T.C.A. 23–3320 which localizes tort actions against a single governmental entity to the situs of the governmental entity.

Reversed and remanded. Costs of the appeal are adjudged against the defendants, City of Huntingdon and Pinson, and their surety.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.

OPINION ON PETITION TO REHEAR

COOPER, Justice.

The Town of Huntington and Mark T. Pinson have filed a petition to rehear which presents no issues or authority not considered by this court in the preparation of its opinion in this case. Under Rule 32 of this court, the petition to rehear is denied.

FONES, C. J., and HENRY, BROCK and HARBISON, JJ., concur.