**CITY OF WATAUGA, Tennessee,**
**Appellant,**

v.

**CITY OF JOHNSON CITY,**
**Tennessee, Appellee.**

Supreme Court of Tennessee.

Nov. 19, 1979.

Lodge Evans, Elizabethton, for appellant.

James H. Epps, III, Johnson City, for appellee.

William Leech, Atty. Gen., William W. Hunt, III, Asst. Atty. Gen., Nashville, for the State of Tennessee.

## OPINION

FONES, Justice.

This is a direct appeal from a trial court decree adverse to the City of Watauga's suit contesting the validity of an annexation ordinance adopted by the City of Johnson City. Both cities adopted ordinances annexing the same territory.[1]

Watauga's complaint asserted that Johnson City is the larger of the two municipalities and relied upon T.C.A. § 6–317, as amended by chapter 753, section 5, 1974 Tennessee Public Acts, for standing to chal-

---

1. Johnson City's ordinance included some additional territory to that included in the Watauga ordinance, but that fact has no bearing upon the issues before this Court.

lenge the annexation ordinance of its larger neighbor. Watauga alleged that the provisions of T.C.A. § 6–317, giving precedence to the larger municipality when two municipalities seek to annex the same territory, violated Tennessee Constitution, article 1, section 22 and article 11, section 8.

In addition to the constitutional questions, Watauga's complaint asserted the following reasons why the Johnson City annexation ordinance 2163 should be vacated and Watauga's ordinance 84 sustained:

(1) The Watauga ordinance passed on third reading and became final prior to Johnson City's ordinance becoming final.

(2) Johnson City gave no official notice to Watauga after October 6, 1977 (the date Johnson City initiated annexation proceedings by passing its ordinance on first reading) that it was proceeding to annex the same territory described in Watauga ordinance 84.

(3) Johnson City did not file suit against Watauga within thirty days after October 11, 1972, the date Watauga adopted ordinance 84 on third and final reading.

(4) That the territory described in Watauga's ordinance 84 was not adjacent to the boundaries of Johnson City and Johnson City included additional territory in its ordinance 2163, "[i]n order to reach out way beyond its existing boundaries and seize and grab the territory described in ordinance 84   .   .   ."; that since the "same territory" sought to be annexed by both is not contiguous to Johnson City its ordinance 2163 was invalid.

The remaining allegations of Watauga's complaint detail various alleged procedural defects said to vary from the requirements of T.C.A. § 6–309 and the charter of Johnson City.

Johnson City filed a motion to dismiss on the grounds that the complaint failed to state a claim upon which relief could be granted and that venue of this action was in Washington County only, the corporate situs of Johnson City.

The Attorney General of Tennessee, who was properly made a party, moved for a partial summary judgment on the two constitutional questions.

Watauga moved for summary judgment alleging, in substance, the various grounds of attack asserted in its complaint and insisting that there was no genuine issue of material fact with respect to the numerous alleged infirmities, and that it was entitled to a decree vacating Johnson City's ordinance and sustaining its ordinance, as a matter of law. The learned chancellor held a hearing on the respective motions of the parties and subsequently entered a decree, which he expressly designated a final judgment, wherein he held that:

"The plaintiff has failed to show that it is entitled to the relief sought; that the City of Johnson City has proceeded legally, lawfully and properly; that the statute in question is valid and constitutional, properly passed by the Legislature and that it does not create special status or monopoly; that the plaintiff has failed to establish a reason to stop the proceeding of the defendant City of Johnson City and that Johnson City has complied with the law in all regards, its ordinance is proper and it is entitled to proceed with annexation; that the position of the defendant City of Johnson City that venue lies in the county of its situs, Washington County, is sustained;"

Thus, the trial court sustained the motions of Johnson City and the Attorney General, denied Watauga's motion for summary judgment and dismissed its suit.

## I.

The territory sought to be annexed by Watauga and Johnson City lies partially in Carter County and partially in Washington County. Ordinarily suits against a municipality must be filed in the county in which that municipality is located. *Baker v. Hughes*, 532 S.W.2d 223 (Tenn. 1975); *Nashville v. Webb*, 114 Tenn. 432, 85

S.W. 404 (1904). This general rule is subject to modification by statute, and T.C.A. § 6–317 provides that the smaller municipality may sue the larger municipality in the county in which the territory to be annexed is located. The statute is silent as to venue when the territory to be annexed is located in two counties. This Court dealt with an analogous situation in *Baker v. Hughes, supra,* where two governmental entities were defendants. There we concluded that judicial efficiency required a venue rule that would permit plaintiff to sue at the corporate situs of either of the two governmental entities. Under the circumstances of this case, we hold that venue lies in either Carter or Washington County.

## II.

The portion of T.C.A. § 6–317 alleged by Watauga to be unconstitutional read as follows, at the time this cause of action arose: [2]

"If two (2) municipalities shall initiate annexation proceedings with respect to the same territory, the proceedings of the municipality having the larger population shall have precedence and the smaller municipality's proceedings shall be held in abeyance pending the outcome of the proceedings of such larger municipality. . . . [A]nnexation proceedings shall be considered as initiated upon passage on first (1st) reading of an ordinance of annexation. If the ordinance of annexation of the larger municipality does not receive final approval within one hundred eighty (180) days after having passed its first reading, the proceeding shall be void and a smaller municipality shall have priority with respect to annexation of the territory; provided its annexation ordinance shall likewise be adopted upon final passage within one hundred and eighty (180) days after having passed its first (1st) reading. When a larger municipality initiates annexation proceedings for a territory which could be subject to annexation by a smaller municipality, the smaller municipality shall have standing to challenge the proceedings in the chancery court of the county where the territory proposed to be annexed is located."

Watauga makes the novel contention that the Legislature has violated the Tennessee Constitutional provision prohibiting the granting of monopolies, article 1, section 22, in that it has conferred favoritism upon large municipalities over small municipalities.

A monopoly has been defined to be an exclusive right granted to a few, which was previously a common right. If there is no common right in existence prior to the granting of the privilege for franchise, the grant is not a monopoly. *Proprietors of Charles River Bridge v. Proprietors of Warren Bridge,* 36 U.S. 420, 9 L.Ed. 773 (1837); *Leeper v. State,* 103 Tenn. 500, 53 S.W. 962 (1899).

The annexation of territory is not a common right of municipalities, large or small. It is the exclusive prerogative of the Legislature to create municipalities and to alter, shrink or enlarge their boundaries at will. *City of Oak Ridge v. Roane Co.,* 563 S.W.2d 895 (Tenn.1978); *Bell v. Town of Pulaski,* 182 Tenn. 136, 184 S.W.2d 384 (1945); *Town of Oneida v. Pearson Hardwood Flooring Co.,* 169 Tenn. 449, 88 S.W.2d 998 (1935). In the exercise of that unlimited power, the Legislature has chosen to delegate to municipalities the power to annex by ordinance under the terms and conditions prescribed in title 6, chapter 3, Tennessee Code Annotated. In giving precedence to the larger of two municipalities competing to annex the same territory, in the time frame prescribed in T.C.A. § 6–317, the Legislature did not grant something which was previously a common right.

2. This section was amended by Chapter 684, 1978 Tennessee Public Acts effective March 27, 1978.

The second prong of the constitutional attack relies upon Tennessee Constitution, article 11, section 8 and asserts that T.C.A. § 6–317 suspends the general annexation law, is discriminatory against small cities and is therefore unreasonable class legislation. Watauga asserts that this Court's ruling in *Pirtle v. City of Jackson*, 560 S.W.2d 400 (Tenn.1977), is squarely in point on the issue of unreasonable class legislation. In *Pirtle* we held that there was no rational basis to support exclusion of a few counties by population brackets from the burden of proving an annexation ordinance was reasonable for the overall well-being of the communities involved, as required of other municipalities by the general law of this State, T.C.A. § 6–310. No suspension of the general annexation law of the state is involved in prescribing who shall prevail as between two municipalities competing for the same territory in the same time frame. It is obvious that the Legislature has made the judgment that it is in the public interest that the larger of two competing municipalities will prevail in this limited circumstance. That judgment may rationally rest upon the assumption that the larger municipality is more likely to provide efficient services to the annexed community and at the same time impose a lighter burden on the citizens of the annexing city.

Where classifications are reasonable they are constitutional. Legislative classifications are reviewable by the Courts only where there is a showing that the classification is palpably arbitrary. *State ex rel. Hudson v. City of Chattanooga*, 512 S.W.2d 555 (Tenn.1974).

The constitutional challenges have no merit and are overruled.

### III.

Preliminary to a consideration of the trial court's ruling that Watauga's complaint failed to state a cause of action upon which relief could be granted, it is appropriate that we dispose of questions involving the scope of the challenge available to a smaller municipality seeking to vacate an annexation ordinance of a larger municipality.

Prior to the enactment of Tennessee Public Acts, 1974, chapter 753, section 5, a municipality had no standing to challenge the annexation ordinance of another municipality. *See City of Gallatin v. City of Hendersonville*, 510 S.W.2d 507 (Tenn.1974).

In *City of Oak Ridge v. Roane Co., supra,* the trial court had held that the statutory requirement that a challenge to an annexation ordinance be brought within thirty days applied only to the issue of reasonableness for the overall well-being of the citizens of the communities involved, a requirement of T.C.A. § 6–310, and that those with standing to do so could challenge such an ordinance on the grounds of lack of notice, failure to submit a plan of services, and, implicitly, any other failure to comply with the procedures prescribed in T.C.A. § 6–309. In the course of overruling the results reached by the trial court, we held that the Legislature had limited the power of the courts to vacate an annexation ordinance to those cases wherein the issue of reasonableness as prescribed in T.C.A. § 6–310 was adjudged adverse to the annexing city and that the courts were without statutory or common-law authority to vacate an annexation ordinance for failure to follow the procedures outlined in T.C.A. § 6–309, such as procedural defects in notices, public hearings, and plan of services, absent constitutional infirmities, even if the action were brought within the thirty day period of limitation.

Johnson City's brief makes the contention that the language of T.C.A. § 6–317 granting to smaller municipalities the standing, "to challenge the proceedings in the chancery court" limits the issues that can be raised by a smaller municipality to purely procedural defects. The argument is based entirely upon the use of the word "proceedings." We disagree. The nature

of annexation by ordinance is such that it is accurate and logical to refer to the entire process as "annexation proceedings." We think the Legislature intended to grant to smaller municipalities the same standing to challenge annexation that it theretofore granted to owners of property in the territory to be annexed, no more and no less. We have made the point in the preceding paragraphs that the courts have no power to vacate an annexation ordinance for purely procedural defects. Johnson City's asserted limitation on the scope of the challenge available to smaller cities, would render their standing meaningless.

■ It is clear from an examination of Watauga's complaint, its motion for summary judgment, and the affidavits and exhibits in support thereof, that there was no merit in any of the alleged procedural defects based upon T.C.A. § 6–309 or the charter of Johnson City or the four numbered allegations of its complaint listed in the third grammatical paragraph of this opinion. It follows that unless Watauga has raised the statutory issue of reasonableness prescribed by the Legislature in T.C.A. § 6–310, "in consideration of the health, safety and welfare of the citizens and property owners of the territory sought to be annexed and the citizens and property owners of the municipality," Johnson City's motion to dismiss was well taken and properly granted.

Paragraph VIII of Watauga's complaint alleges that Johnson City's ordinance 2163, "to the extent that it undertakes to annex the territory described in ordinance number 84 of the City of Watauga, is unreasonable, oppressive, inequitable, and unjust . ." We find nothing else in this record that suggests that Watauga intended to pursue the statutory issue of reasonableness which embraces, in this litigation, only the well-being of the citizens of Johnson City and the citizens of the territory proposed to be annexed. The thrust of paragraph VIII of Watauga's complaint appears to be that the action of Johnson City is unreasonable from the point of view of the City of Watauga, which is totally irrelevant to the issue prescribed in T.C.A. § 6–310.

Watauga's only response to Johnson City's T.R.C.P. 12.02(6) motion was the filing of its own motion for summary judgment, supported by affidavits and exhibits, wherein there was no reference, directly or indirectly to the T.C.A. § 6–310 statutory issue.

The purpose of the last sentence of T.R. C.P. 12.02 is to allow parties to present matters outside the pleadings, so that the trial court can determine whether there exists a genuine issue which requires trial. See Committee Comment to T.R.C.P. 12.02. In this case, it was incumbent upon Watauga to respond to Johnson City's 12.02(6) motion by an appropriate showing that it was prepared to present evidence making an issue of whether the Johnson City annexation ordinance was reasonable for the overall well-being of the communities involved. Having failed to do this, we must conclude that Watauga has not properly relied upon that statutory issue. The fact that the burden of proof rests upon the larger municipality does not per se introduce that issue in every annexation lawsuit.

The judgment of the trial court dismissing the suit is affirmed. The costs are adjudged against the City of Watauga.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.