# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 1, 2011

## DANIEL H. JONES v. MARK GWYN, DIRECTOR, ET AL.

**Appeal from the Circuit Court for Sullivan County**
**No. C58,630      Robert Montgomery, Jr., Judge**

_____

### No. E2011-00084-COA-R3-CV-FILED-SEPTEMBER 7, 2011

_____

Daniel H. Jones ("Jones") filed a petition for writ of mandamus against Mark Gwyn and Avis Stone ("Respondents"), Director and Coordinator, respectively, of the Tennessee Bureau of Investigation ("TBI"), in the Circuit Court for Sullivan County ("the Trial Court").[1] Jones sought to have the Trial Court direct Respondents to act on an earlier order by the Criminal Court for Sullivan County at Blountville, Tennessee ("the Criminal Court") to expunge all public records related to a dismissed rape charge against Jones. Respondents moved to dismiss. The Trial Court granted Respondents' motion to dismiss on the basis of improper venue. Jones appeals. We find that the Trial Court did not err in dismissing Jones's petition. We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and JOHN W. MCCLARTY, J., joined.

Daniel H. Jones, pro se appellant.

Robert E. Cooper, Jr., Attorney General and Reporter; Joseph F. Whalen, Associate Solicitor General; and Benjamin A. Whitehouse, Assistant Attorney General; for the appellees, Mark Gwyn, Director of the Tennessee Bureau of Investigation, and Avis Stone, Coordinator, Tennessee Bureau of Investigation.

---

[1]Although the petition was filed in the Circuit Court, the orders in this case are ostensibly from the Criminal Court. Respondents do not raise this discrepancy as an issue, and we will treat the petition as though it originated in Circuit Court. "Circuit judges and chancellors have power to issue writs of mandamus, upon petition or bill, supported by affidavit." Tenn. Code Ann. § 29-25-101 (2000).

# OPINION

## Background

Jones was convicted of rape in the 1970s in Kentucky. Jones was placed on the Tennessee sexual offender registry. In March 2010, the Criminal Court ordered all public records relating to a separate and dismissed rape charge against Jones to be expunged. Jones filed a petition for writ of mandamus in the Trial Court, naming Respondents and demanding that they act in accordance with the Criminal Court's order. Respondents filed a motion to dismiss. Jones filed a "motion to strike" in response to Respondents' motion to dismiss. In his memorandum of authorities affixed to his motion to strike, Jones stated, among other things, that his purpose was to have the Trial Court enforce the Criminal Court's March 2010 order.

The Trial Court dismissed Jones's petition. In its January 2011 order, the Trial Court stated, in relevant part:

> After a review of the filings and the court file, the Court finds that even if the Court takes the filings of the Petitioner to be true and correct, the Petitioner has failed to establish that venue for a writ of mandamus lies in Sullivan County, Tennessee.

> Tennessee Code Annotated, Section 20-4-102, provides that venue for matter lies in the county where the action arose. Tennessee courts have also held that actions against governmental entities lie in the county of their location. See Nashville v. Webb, 85 S.W. 404 (Tenn. 1904) and Baker v Hughes, 532 S.W.2d 223 (Tenn. 1975).

> The Petitioner in his summons filed November 3, 2010, lists the addresses for the Respondents to be at the TBI Headquarters in Nashville, Tennessee, some 300 miles from Sullivan County. Any action committed by the Respondents, as well as where they may be found, is in Nashville, Tennessee. There is no statutory authority for the suit against the State and its employees headquartered in Nashville to be brought in Sullivan County.

> Further it would also appear from the court filings that the basis for placing Petitioner on the sex offender registry, the action of which he complains, is based on a conviction of Petitioner in Harlan County, Kentucky, for rape in Case No. F-1611A, not as a result of any action of courts of Sullivan County.

**THEREFORE, IT IS HEREBY ORDERED** that the Writ of Mandamus is dismissed, with prejudice, for lack of venue pursuant to Rule 12.02 of the Rules of Civil Procedure.

Jones appealed to the Court of Criminal Appeals. Respondents filed a motion to transfer this appeal to this Court. The motion for transfer was well-taken, and we now hear this appeal.

## Discussion

We restate the issues raised on appeal as one sole issue: whether the Trial Court erred in dismissing Jones's petition for writ of mandamus on the basis of improper venue.

The sole issue on appeal being a legal one concerning venue, our review is conducted "under a pure *de novo* standard of review, according no deference to the conclusions of law made by the lower courts." *Southern Constructors, Inc. v. Loudon County Bd. Of Educ.,* 58 S.W.3d 706, 710 (Tenn. 2001).

The Trial Court observed in its order that Jones identified Respondents' addresses as both being in Nashville, Tennessee, a city within Davidson County, Tennessee. Respondents direct us to Tenn. Code Ann. § 29-25-103, which provides, regarding writs of mandamus:

> The writ is returnable to the court of the county in which the land lies, in all cases where land is the subject of controversy, and in all other cases to the court of the county where the defendant resides, or, if against a public officer or corporation, in the county in which the office is kept or corporation does business.

Tenn. Code Ann. § 29-25-103 (2000). In addition, our Supreme Court has stated: "T.C.A. § 23–2003 [now Tenn. Code Ann. § 29-25-103 (2000)] makes a writ of mandamus against a public official returnable in the county where the office is kept." *Chamberlain v. State ex rel. Brown*, 387 S.W.2d 816, 817 (Tenn. 1965).

Like the Trial Court, neither do we find any statutory authority for this action against these TBI officials to be brought in Sullivan County nor do we see how Sullivan County is sufficiently related to the relief sought by Jones, which is a request for TBI officials based in Davidson County to take certain actions. We affirm the judgment of the Trial Court.

-3-

## <u>Conclusion</u>

The judgment of the Trial Court is affirmed. This cause is remanded to the Trial Court for collection of costs below. Costs on appeal are taxed to the appellant, Daniel H. Jones, and his surety, if any, for which execution may issue if necessary.

_____
D. MICHAEL SWINEY, JUDGE