IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 2, 2022 Session

**CAROLE J. BOYD ET AL. v. TOWN OF MORRISON**

**Appeal from the Chancery Court for Warren County**
**No. 15066      Don R. Ash, Senior Judge**

**No. M2021-01542-COA-R3-CV**

The issues in this appeal arise from protracted litigation in three courts involving several property owners ("Plaintiffs") who contend the Town of Morrison, Tennessee, ("the Town") is estopped, for various reasons, from collecting property taxes on their properties. Although the dispute initially involved a challenge to whether the Town lawfully annexed Plaintiffs' properties, it is no longer disputed that the Town annexed the properties with the passage of Ordinances 01-01 and 01-02 on second and final reading on November 5, 2001. The genesis of the dispute occurred in 2017 when Plaintiffs were cited to the Municipal Court for violating the Town's zoning ordinances. During the hearing, the Town was required to establish that Plaintiffs' properties had been annexed. To prove it had annexed the properties, the Town erroneously relied upon Ordinance 01-03, instead of Ordinances 01-01 and 01-02. The Municipal Court found that the Town had not lawfully enacted Ordinance 01-03 to annex Plaintiffs' properties; therefore, the court dismissed the citations. The Town did not appeal that decision. Two years later, the Town filed a petition for declaratory judgment in the Chancery Court, arguing that it had properly annexed the subject properties. The Chancery Court dismissed the petition concluding that the Town was collaterally estopped from relitigating the issue because "the relevant issue was litigated and determined by the Municipal Court . . . , [which] was a court of competent jurisdiction, and therefore, this Chancery Court will not disturb that Court's findings." The Town appealed the Chancery Court decision; however, it voluntarily dismissed the appeal. Nevertheless, the Town continued to send delinquent tax notices to Plaintiffs. As a consequence, Plaintiffs commenced this action seeking a declaration that their properties had not been properly annexed by the Town. In its Answer, the Town asserted, for the first time, that it had annexed Plaintiffs' properties in 2001 pursuant to Ordinances 01-01 and 01-02. Although Plaintiffs argued that the Town was collaterally estopped from relying on these ordnances, the chancellor ruled otherwise. Specifically, the chancellor held that Ordinances 01-01 and 01-02 were not at issue in the Municipal Court proceedings and because the issues raised in that proceeding were not identical to those raised in the prior court proceedings, collateral estoppel did not apply. Further, the chancellor ruled that the Town had lawfully annexed the properties in November 2001 pursuant to Ordinances 01-

01 and 01-02. However, the chancellor also ruled that the Town was equitably estopped from collecting delinquent taxes owed prior to 2022. This appeal followed. We have determined that the Municipal Court lacked subject matter jurisdiction to determine whether the Town had lawfully annexed Plaintiffs' properties; therefore, the judgment of the Municipal Court is a null and void judgment that may not constitute a basis for collateral estoppel. For this and other reasons, we affirm the chancellor's decision to deny Plaintiffs' Petition for Injunctive Relief. However, we reverse the chancellor's ruling that the Town is equitably estopped from collecting delinquent property taxes from Plaintiffs.

## Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part and Reversed in Part

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which THOMAS R. FRIERSON II, and W. NEAL MCBRAYER, JJ., joined.

M. Trevor Galligan, Bailey D. Barnes, McMinnville, Tennessee, for the appellants, Carole J. Boyd, Susan Greene, F. Campbell Boyd, III, Mary Jane McGiboney, Bruce J. McGiboney, Ann F. Boyd Deal, Jack W. Odom, Diane W. Odom, and Odom Revocable Living Trust.

Nathan S. Luna, Murfreesboro, Tennessee, for the appellee, Town of Morrison, Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

We begin our recitation of the facts and procedural history by discussing the three ordinances voted on by the Board of Aldermen for the Town in 2001 that are at issue in this appeal.

At a regularly scheduled public meeting of the Town's Board of Aldermen on April 24, 2001, the Board passed on first reading Ordinance 01-01 and Ordinance 01-02 with the intent to annex approximately 396 acres, which included properties owned by Plaintiffs: Carole J. Boyd, Susan Greene, F. Campbell Boyd, III, Mary Jane McGiboney, Bruce J. McGiboney, Ann F. Boyd Deal, Jack W. Odom, Diane W. Odom, and Odom Revocable Living Trust. Later, on May 10, 2001, the Board held a meeting to receive public comment concerning the same two ordinances. Another regularly scheduled public meeting took place on November 5, 2001, at which time the Board voted on and passed on second and final reading Ordinances 01-01 and 01-02. Although it was previously contested, it is now undisputed that Ordinances 01-01 and 01-02 were lawfully enacted by the Town, and the 396 acres that included Plaintiffs' properties were lawfully annexed by the Town.

In the interim, and for reasons unexplained by the record, on September 4, 2001, the Board of Aldermen voted to approve Ordinance 01-03, the purpose of which was to annex approximately 185 acres, which also included Plaintiffs' properties. Then, on October 1, 2001, the Board held a public hearing to discuss Ordinance 01-03, during which the Board also voted to pass the ordinance. Significantly, however, the procedure the Board followed was not in compliance with the Town's charter, and it is now undisputed that Ordinance 01-03 was never lawfully enacted.

Beginning in 2002, the Town sent property tax notices annually to Plaintiffs, who paid their respective property taxes to the Town until 2017, when Plaintiffs were cited to appear in the Municipal Court of the Town of Morrison, Tennessee, for allegedly violating the Town's zoning ordinances. (Plaintiffs have not paid any property taxes since 2017.) At that hearing, the Town only relied on Ordinance 01-03 to establish that it had annexed Plaintiffs' properties. After the hearing, the Municipal Court determined that Ordinance 01-03 had not been lawfully enacted pursuant to the Town's charter. More specifically, the Municipal Court held that "[p]ursuant to Morrison Charter Section 4 (a)(2), every ordinance shall be passed on two (2) different days, at regular, special, or adjourned meetings" and that "[t]here is no provision in [the Town's] charter which allows passage of an ordinance at a public hearing." The court went on, however, to find that the Town had erroneously voted on Ordinance 01-03 at a "regular meeting," rather than at a public hearing, stating:

> 3. [The Town] held a public hearing on October 1, 2001, as required by Tennessee law to hear or discuss any arguments concerning Ordinance No. 01-03.
> 4. [The Town] attempted to pass Ordinance No. 01-03 during the public hearing.
> 5. [The Town] adjourned the public hearing and called the regular meeting of the board to order.
> 6. [The Town] did not pass Ordinance No. 01-03 during the regular meeting on October 1, 2001.
> 7. [The Town] did not pass Ordinance No. 01-03 at any time after October 1, 2001, as required by its Charter.
> 8. The vote taken during the public hearing on October 1, 2001, was not effective to pass Ordinance No. 01-03.

For the foregoing reasons, the Municipal Court held that the Town had not annexed Plaintiffs' properties. As a consequence, the Municipal Court dismissed the citations pursuant to an order entered on February 24, 2017. The Town did not appeal the judgment of the Municipal Court.

On June 21, 2019, the Town filed a petition for declaratory judgment in the Chancery Court of Warren County arguing, once again, that it had properly annexed the

subject properties by enacting Ordinance No. 01-03. The Chancery Court dismissed the petition for the following reasons:

> Since the relevant issue was litigated and determined by the Municipal Court and for the above-listed reasons, this Court respectfully finds that the Municipal Court of Morrison was a court of competent jurisdiction, and therefore, this Chancery Court will not disturb that Court's findings. The Town of Morrison's action is dismissed.[1]

The Town filed a timely appeal; however, it filed a Notice of Voluntary Dismissal on May 19, 2020, prior to any ruling by this court.

The foregoing adverse rulings notwithstanding, the Town continued to send tax notices to Plaintiffs. It also took steps to prevent the Assessor of Property for Warren County from redrawing the county maps to reflect the Municipal Court and the Chancery Court's decisions. For these reasons, Plaintiffs commenced this action on April 13, 2021, by filing a petition for injunctive relief alleging that the Town's continuing effort to collect municipal taxes violated the Chancery Court's February 7, 2020 order.[2]

In its answer the Town asserted, for the first time, that it annexed Plaintiffs' properties in 2001 with the enactment of Ordinance 01-01 and 01-02. Plaintiffs responded to this assertion by contending that the Town was collaterally estopped from arguing that it had properly annexed Plaintiffs' properties based on the 2017 Municipal Court ruling and the 2020 Chancery Court ruling.

The chancellor determined that the Town was collaterally estopped from relitigating whether Ordinance 01-03 properly annexed Plaintiffs' properties, but that it was not estopped from litigating whether Ordinance 01-01 and 01-02 properly annexed Plaintiffs' properties. The chancellor also held that both Ordinance 01-01 and Ordinance 01-02 were lawfully enacted and annexed Plaintiffs' properties. The final order reads, in pertinent part:

> Regarding Ordinances 01-01 and 01-02, the Court finds collateral estoppel does not apply. The Town of Morrison actually raised and litigated the issue of Ordinance 01-03 before the Chancery Court in one of the earlier litigations, not Ordinances 01-01 or 01-02. Because this factor is not met, the Court finds the doctrine of collateral estoppel is not applicable as to these two Ordinances.

---

[1] Circuit Court Judge L. Craig Johnson, sitting by interchange, presided over this chancery court proceeding.

[2] Chancellor Larry B. Stanley, Jr., recused himself, and Senior Judge Don R. Ash was designated to hear the case.

.   .   .

Regarding Ordinance 01-03 (01-05), the Court finds collateral estoppel applies to bar the Town's claims primarily because, and in contrast to Ordinances 01-01 and 01-02, Ordinance 01-03 was actually raised and litigated in the earlier Municipal litigation.

However, the chancellor additionally ruled that the Town was equitably estopped from collecting delinquent taxes from Plaintiff for the tax years preceding the entry of its order:

While the Court has found the Petitioners' claims are barred by collateral estoppel considering Ordinance 01-03, the Court also finds the doctrine of equitable estoppel properly applies in this case. The Respondent Town of Morrison failed to timely appeal the Municipal Court's ruling dismissing the Petitioner's citations and finding the annexation was invalid. Next, the Respondent Town of Morrison appealed the Chancery Court dismissal of their case (based on collateral estoppel), but voluntarily dismissed their appeal. During the years since the Municipal Court found the annexation of Petitioners' properties improper, the Town of Morrison has continued to issue delinquent property tax notices to the Petitioners while failing to establish whether the Petitioners are properly included in their zoning map. The confusion continues when considering Ordinances 01-05 and 01-06 [were] never passed correctly. Considering the totality of the circumstances it is evident to the Court the Respondent has failed to act or acted in error in a number of ways concerning the Petitioners' property. Accordingly, as an equitable remedy the Court orders any outstanding citations from the Town of Morrison against the Petitioners regarding property taxes for the relevant parcels to this case are void and invalid.

This appeal followed.

## ISSUES

The parties raise several issues for our review, which we have consolidated and restated:

I.   Whether the trial court erred in holding that the doctrine of collateral estoppel did not bar the Town from presenting evidence that it had properly annexed Plaintiffs' properties under Ordinances 01-01 and 01-02.

II.  Whether the trial court erred by enjoining the Town from collecting outstanding property taxes from Plaintiffs' for the tax years prior to 2022.

- 5 -

## STANDARD OF REVIEW

"In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment." Tenn. R. Civ. P. 52.01. If the trial court makes the required findings of fact, "appellate courts review the trial court's factual findings de novo upon the record, accompanied by a presumption of the correctness of the findings, unless the preponderance of the evidence is otherwise." *Kelly v. Kelly*, 445 S.W.3d 685, 692 (Tenn. 2014) (quoting *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013) (citing Tenn. R. App. P. 13(d)). "For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect." *State ex rel. Flowers v. Tennessee Trucking Ass'n Self Ins. Grp. Tr.*, 209 S.W.3d 595, 599 (Tenn. Ct. App. 2006).

Our review of a trial court's determinations on issues of law is de novo, without any presumption of correctness. *Lind v. Beaman Dodge, Inc.*, 356 S.W.3d 889, 895 (Tenn. 2011). Whether the doctrine of collateral estoppel applies is a question of law. *Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102, 106 (Tenn. 2016).

## ANALYSIS

### I. COLLATERAL ESTOPPEL

Collateral estoppel, or issue preclusion, is a court-made doctrine that bars the same parties from relitigating in a second suit the issues that were raised and determined in a prior suit.[3] *White v. Bradley Cnty. Gov't*, 639 S.W.3d 568, 579 (Tenn. Ct. App. 2021) (citations omitted). Based on this doctrine, when an issue has been actually and necessarily determined in an earlier proceeding between the parties, that determination is conclusive against the parties in subsequent proceedings. *See Mullins v. State*, 294 S.W.3d 529, 534–35 (Tenn. 2009) (citations omitted).

The party invoking collateral estoppel has the burden of proof. *Id.* at 535. To prevail on a claim of collateral estoppel, a party must establish:

(1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated,

---

[3] *Res judicata* (claim preclusion) is occasionally confused with collateral estoppel (issue preclusion), and while the doctrines overlap in some instances, they are not the same. *See White v. Bradley Cnty. Gov't*, 639 S.W.3d 568, 581 (Tenn. Ct. App. 2021). "The doctrine of res judicata bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies *on a different cause of action* only as to issues which were actually litigated and determined in the former suit." *Id.* (footnote omitted).

- 6 -

and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

*Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102, 107 (Tenn. 2016) (quoting *Mullins*, 294 S.W.3d at 535).

As the chancellor explained in the final order from which this appeal lies,

Collateral Estoppel: Ordinances 01-01 and 01-02

After reviewing the proof from the hearing with the above-factors in *Bowen*, the Court finds the following:

1) (Whether the issue to be precluded is identical to an issue decided in an earlier proceeding) The issues are not identical and consist of whether the annexation of the properties was proper only under Ordinance 01-03;
2) (Whether the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding) The issue of annexation was raised in Municipal Court, but only as it applied to Ordinance 01-03;

.     .     .

4) (Whether the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded) The Town of Morrison had a right to put on proof in regard to Ordinances 01-01 and 01-02, but only relied on Ordinance 01-03.

Regarding Ordinances 01-01 and 01-02, the Court finds collateral estoppel does not apply. The Town of Morrison actually raised and litigated the issue of Ordinance 01-03 before the Chancery Court in one of the earlier litigations, not Ordinances 01-01 or 01-02. Because this factor is not met, the Court finds the doctrine of collateral estoppel is not applicable as to these two Ordinances.

We agree with the foregoing findings of fact and conclusions of law; therefore, we affirm the chancellor's ruling on the issue of collateral estoppel.

We also find an additional basis on which to conclude that the Town is not collaterally estopped from relying on Ordinances 01-01 and 01-02.[4] For collateral estoppel to apply, the issue must have been previously decided by a court of competent jurisdiction. *See State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 178 (Tenn. Ct. App. 2000) ("Once an issue has been actually or necessarily determined by *a court of competent jurisdiction*, the doctrine of collateral estoppel renders that determination conclusive on the parties and their privies in subsequent litigation, even when the claims or causes of action are different.") (citations omitted).

In its February 24, 2017 order, the Municipal Court ruled that Ordinance 01-03 was not lawfully enacted and, on that basis, the court ruled that Plaintiffs' properties had not been annexed by the Town. We, however, have determined that the Municipal Court judgment is void on its face because the Municipal Court lacked subject matter jurisdiction to determine whether Ordinance 01-03 was lawfully enacted.

The jurisdiction of the municipal courts of Tennessee arises from Article 6, § 1, of the Tennessee Constitution:

> The judicial power of this state shall be vested in one Supreme Court, and in such circuit, chancery and other inferior courts as the Legislature shall from time to time, ordain and establish; in the judges thereof, and in justices of the peace. The Legislature may also vest such jurisdiction in corporation courts as may be deemed necessary. Courts to be holden by justices of the peace may also be established.

"[W]hile ordinarily the jurisdiction of municipal courts is limited to cases involving violations of municipal ordinances, it may be extended by the Legislature to cases arising under the state law. The Legislature may establish courts and determine their jurisdiction, when not forbidden by the Constitution." *City of Church Hill v. Elliott*, No. E2016-01915-CCA-R3-CD, 2017 WL 2591371, at *2–3 (Tenn. Crim. App. June 15, 2017) (quoting *Moore v. State*, 19 S.W.2d 233, 233 (Tenn. 1929)). Furthermore, and as Tennessee Code Annotated § 16–18–301(b)(2) states, municipal courts may exist "pursuant to general statute, local law, private act, charter provision, municipal law, municipal ordinance or other legal authorization."

---

[4] "This Court is permitted to affirm a grant of summary judgment on grounds different from those cited by the trial court." *See Collier v. Legends Park LP*, 574 S.W.3d 356, 359 (Tenn. Ct. App. 2018) (quoting *Hill v. Lamberth*, 73 S.W.3d 131, 136 (Tenn. Ct. App. 2001)) ("Although the trial court granted summary judgment on the basis of foreseeability, this Court may affirm the trial court's decision when rendered on different grounds."); *see also Bobo v. City of Jackson*, 511 S.W.3d 14, 26 n.14 (Tenn. Ct. App. 2015) ("[W]e are entitled as an appellate court to affirm the entry of summary judgment on grounds that differ from those forming the basis of the trial court's decision.").

The Municipal Court Reform Act of 2004, codified at Tennessee Code Annotated § 16–18–301 through –312, specifies the jurisdiction of municipal courts. In pertinent part, § 16-18-302(a) provides:

(1) A municipal court possesses jurisdiction in and over cases:

(A) For violation of the laws and ordinances of the municipality; or
(B) Arising under the laws and ordinances of the municipality; and

(2) A municipal court also possesses jurisdiction to enforce any municipal law or ordinance that mirrors, substantially duplicates or incorporates by cross-reference the language of a state criminal statute, if and only if the state criminal statute mirrored, duplicated or cross-referenced is a Class C misdemeanor and the maximum penalty prescribed by municipal law or ordinance is a civil fine not in excess of fifty dollars ($50.00).

Thus, unless extended by the General Assembly, a municipal court's jurisdiction is restricted to cases involving alleged violations of laws and ordinances of the municipality. *See Elliott*, 2017 WL 2591371, at *2; *see also City of McMinnville v. Hubbard*, No. M2018-00223-CCA-R3-CO, 2019 WL 719077 (Tenn. Crim. App. Feb. 20, 2019); *Moore v. State*, 19 S.W.2d 233, 233 (Tenn. 1929). None of the parties have cited any authority— and we are unaware of any authority—that extends the jurisdiction of the Municipal Court of the Town of Morrison to determine whether a municipal ordinance was lawfully enacted. Thus, the ruling by the Municipal Court exceeded the jurisdiction of that court. As a consequence, the judgment of the Municipal Court was void on its face because the court lacked the jurisdiction to render such a judgment. *See Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998).

Furthermore, the ruling by the Municipal Court constituted a Declaratory Judgment concerning the validity of Ordinance 01-03, the jurisdiction for which is limited to courts of record. *See* Tenn. Code Ann. § 29-14-102(a). The Municipal Court of Morrison, Tennessee is not a court of record. Thus, the Municipal Court lacked subject matter jurisdiction to render a Declaratory Judgment that Ordinance 01-03 was or was not lawfully enacted.

We also note that the proper means by which to challenge the validity of an ordinance is through a *quo warranto* action pursuant to Tennessee Code Annotated § 6-51-103.[5] As Tennessee Code Annotated § 6-51-103 provides, any aggrieved property owner

---

[5] The right to challenge an annexation is a statutory right that in its very origin is limited. *See Allen v. City of Memphis*, 397 S.W.3d 572, 579 (Tenn. Ct. App. 2012) (quoting *Brent v. Town of Greenville*, 309 S.W.2d 121, 123 (Tenn. 1957)). "[T]he courts have no power to vacate an annexation ordinance for purely

may contest the validity of an ordinance annexing his property and that such suit may be brought in the court of the appropriate jurisdiction. *State ex rel. Stall v. Knoxville*, 365 S.W.2d 433, 433 (Tenn. 1963). However, due to the limited jurisdiction of the Municipal Court, it was not the court of the appropriate jurisdiction. Because the judgment of the Municipal Court is void on its face for want of jurisdiction, there is no prior decision by a court of competent jurisdiction concerning the annexation of Plaintiffs' properties by the Town, whether it be pursuant to Ordinance 01-03 or Ordinances 01-01 and 01-02.

As for the first chancery court proceeding, Ordinances 01-01 and 01-02 were never raised by the pleadings or submitted for determination by Judge Johnson. Moreover, Judge Johnson did not make a decision "on the merits" concerning whether Ordinances 01-01 and 01-02 were lawfully enacted. *See Mullins*, 294 S.W.3d at 536 ("For an issue to be 'actually litigated' for the purpose of applying the doctrine of collateral estoppel, it must have been 'properly raised, by the pleadings or otherwise, and . . . submitted for determination, and . . . determined.'") (citations omitted). Nor did he make an independent determination concerning Ordinance 01-03. Instead, Judge Johnson chose to "not disturb" the findings of the Municipal Court and dismissed the Town's petition.[6] Thus, the judgment in the first chancery court proceeding cannot serve as a basis for the application of the doctrine of collateral estoppel in reference to Ordinances 01-01 and 01-02.

For the foregoing reasons, we affirm the decision that collateral estoppel does not now preclude the Town from asserting that it lawfully annexed Plaintiffs' properties in 2001 with the passage of Ordinances 01-01 and 01-02, as well as the chancellor's decision to deny Plaintiffs' petition for injunctive relief.

## II.    EQUITABLE ESTOPPEL

The Town contends that the chancellor erred by ruling that it was equitably estopped from collecting outstanding property taxes owed by Plaintiffs prior to 2022.

The doctrine of equitable estoppel is a form of equitable relief, and a decision to award equitable relief is generally within the discretion of the trial court. *See Harris v. McMichael*, No. E2020-00817-COA-R3-CV, 2021 WL 5274050, at *4 (Tenn. Ct. App.

---

procedural defects, because no such authority has been granted by statute." *Id.* (quoting *City of Watauga v. City of Johnson City*, 589 S.W.2d 901, 906 (Tenn. 1979)). To the contrary, the general rule is that defects in an annexation ordinance must be presented in the context of a challenge to its reasonableness or necessity by way of a timely *quo warranto* challenge. *See id.* (citing *City of Oak Ridge v. Roane Cnty.*, 563 S.W.2d 895, 898 (Tenn. 1978)).

[6] Judge Johnson ruled in the first chancery court action: "Since the relevant issue was litigated and determined by the Municipal Court and for the above-listed reasons, this Court respectfully finds that the Municipal Court of Morrison was a court of competent jurisdiction, and therefore, this Chancery Court will not disturb that Court's findings. The Town of Morrison's action is dismissed."

Nov. 12, 2021) (citing *Morrow v. Jones*, 165 S.W.3d 254, 258 (Tenn. Ct. App. 2004)). Discretionary decisions are reviewed under the "abuse of discretion" standard of review, *see Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010). Nevertheless, discretionary decisions must take the applicable law and relevant facts into account. *Id.* at 524. Stated another way, a discretionary decision requires "a conscientious judgment, consistent with the facts, that takes into account the applicable law." *White v. Beeks*, 469 S.W.3d 517, 527 (Tenn. 2015) (citing *Lee Med., Inc.*, 312 S.W.3d at 524).

In the final order, the chancellor explained the basis for his determination that the Town was equitably estopped from collecting delinquent property taxes, stating:

> The [Town] failed to timely appeal the Municipal Court's ruling dismissing the Petitioner's citations and finding the annexation was invalid. Next, the [Town] appealed the Chancery Court dismissal of their case (based on collateral estoppel), but voluntarily dismissed their appeal. During the years since the Municipal Court found the annexation of [Plaintiffs'] properties improper, the Town of Morrison has continued to issue delinquent property tax notices to [Plaintiffs] while failing to establish whether [Plaintiffs] are properly included in their zoning map. The confusion continues when considering Ordinances 01-05 and 01-06 [were] never passed correctly. Considering the totality of the circumstances it is evident to the Court the [Town] has failed to act or acted in error in a number of ways concerning [Plaintiffs'] property. Accordingly, as an equitable remedy the Court orders any outstanding citations from the Town of Morrison against [Plaintiffs] regarding property taxes for the relevant parcels to this case are void and invalid.[7]

We, however, have determined that the foregoing findings and conclusions fail to establish a basis for enjoining the Town from collecting delinquent taxes owed on Plaintiffs' properties. Our conclusion is based on two factors. First, Plaintiffs had available to themselves and their counsel the means of ascertaining the true facts of the annexation of their property; as a consequence, there can be no estoppel. *See Far Tower Sites, LLC v. Knox County*, 126 S.W.3d 52, 66–67 (Tenn. Ct. App. 2003); *see also Werne v. Sanderson*, 954 S.W.2d 742, 745–46 (Tenn. Ct. App. 1997) (quoting *Consumer Credit Union v. Hite*, 801 S.W.2d 822, 825 (Tenn. Ct. App. 1990)).

> The principle is well established that where both parties have the same means of ascertaining the true facts there can be no estoppel. It is essential, as a general rule, to the application of the principle of equitable estoppel, that the

---

[7] The chancellor went on to hold, "[s]ince all parties now agree and are aware of the annexation in Ordinance 01-01 and 01-02, [Plaintiffs] will be required to start paying property taxes on the property in question beginning in 2022."

party claiming to have been influenced by the conduct or declarations of another to his injury, was himself not only destitute of knowledge of the state of the facts, but was also destitute of any convenient and available means of acquiring such knowledge, and that where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel. It is proper to add that, generally, the doctrine of estoppel does not apply to acts of public authorities.

*Id.* (quoting *Haymon v. City of Chattanooga*, 513 S.W.2d 185, 188–89 (Tenn. Ct. App. 1973)).

Because equitable estoppel is an affirmative defense, *see* Tenn. R. Civ. P. 8.03, Plaintiffs had the burden of proving that the Town was estopped from collecting the property taxes. *See Tenn. Farmers Mut. Ins. Co. v. Farrar*, 337 S.W.3d 829, 837 (Tenn. Ct. App. 2009). The record before us is devoid of any explanation as to why Plaintiffs were unable to ascertain the truth regarding the annexation of their properties in 2001. To the contrary, every citizen is presumed to know the law. *Burks v. Elevation Outdoor Advert., LLC*, 220 S.W.3d 478, 492 (Tenn. Ct. App. 2006) (citations omitted). Thus, Plaintiffs were presumed to have known that their properties were annexed with the passage of Ordinances 01-01 and 01-02 in 2001. Because Plaintiffs cannot establish that they were unable to ascertain the truth regarding the annexation of their properties by the Town in 2001, there can be no estoppel. *See id.*

It is also significant to note that the Town is a public authority, and "the doctrine of estoppel does not apply to acts of public authorities." *Far Tower Sites, LLC*, 126 S.W.3d at 67 (quoting *Haymon*, 513 S.W.2d at 188–89). Thus, this principle of law provides another basis on which to conclude that the Town is not collaterally estopped from relying on Ordinances 01-01 and 01-02 to prove the annexation of Plaintiffs' properties in 2001.

Accordingly, we reverse the chancellor's ruling that "based on the doctrine of equitable estoppel the Court orders any outstanding property tax citations for the property in question in this case against the Petitioners issued by the Town of Morrison between September 4, 2001, and the date of this Order are void and therefore invalid."

## III.   COSTS

The chancellor also assessed all costs incurred in the trial court against the Town based upon "the failure of the [Town] to properly disclose the correct annexation ordinances in a timely fashion." Because we have concluded that Plaintiffs knew or should have known of the passage of Ordinances 01-01 and 01-02 in 2001, which annexed their properties long before this action was commenced, we reverse the assessment of costs incurred in the trial court and remand with instruction to assess costs incurred in the trial court to Plaintiffs.

- 12 -

**IN CONCLUSION**

The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded for further proceedings consistent with this opinion. The costs of appeal are assessed jointly and severally against the Appellants, Carole J. Boyd, Susan Greene, F. Campbell Boyd, III, Mary Jane McGiboney, Bruce J. McGiboney, Ann F. Boyd Deal, Jack W. Odom, Diane W. Odom, and Odom Revocable Living Trust.

_____
FRANK G. CLEMENT JR., P.J., M.S.